COMPARET and Others v. RANDALL.

May Term,
1853.

COMPARET
v.
RANDALL.

An administrator is not authorized by the R. S. 1843, to take possession of the real estate of the intestate, if the heirs are present.

An order of the Probate Court for the leasing of real estate of an intestate upon the petition of the administrator, is erroneous, if the heirs of the intestate, being infants, did not appear to the action, and no guardian *ad litem* was appointed to answer for them.

ERROR to the *Allen* Probate Court.

*Monday,
May 23.*

PERKINS, J.—This was a petition to the *Allen* Probate Court by *Franklin P. Randall*, administrator on the estate of *Francis Comparet*, deceased, for permission to sell or lease real estate of which said *Comparet* died seized, for the payment of debts. The heirs of said *Comparet*, who were minors, were made parties, and summoned to appear, &c. They made default, and a decree was rendered that the administrator should lease their land. No guardian *ad litem* was appointed.

Where heirs are present, the administrator is not authorized, of his own volition, to take posssession of the real estate of the estate upon which he administers. R. S. 1843, p. 571. The control of the real estate assumed by *Randall* in this case must, therefore, depend upon the authority conferred by his legal proceedings. Those proceedings were erroneous, in the omission to appoint a guardian *ad litem* to answer for the heirs; *Hough* v. *Canby*, 8 Blackf. 301; and must, consequently, be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick*, for the plaintiffs.

*F. P. Randall*, for the defendant.