*Ex Parte* SHOCKLEY, Guardian.

The Court of Common Pleas of a county, has original and exclusive jurisdiction in all matters relating to the probate of last wills and testaments, which are properly admitted to probate in that county; to the granting of letters testamentary, of administration, and of guardianship, where such letters are properly to be granted in that county; to the settlement and distribution of decedents' estates and the personal estates of minors, where such settlement and distribution are properly to be made in that county; of all actions against executors and administrators appointed in that county; and to authorize guardians to sell and convey real estate of their wards, where such guardians are appointed in that county, whether the real estate lay in that or in another county.

APPEAL from the *Bartholomew* Court of Common Pleas.  Friday, June 8.

WORDEN, J.—*Shockley* was appointed guardian of the above-named wards by the Court of Common Pleas of *Hancock* county. He filed his petition for the sale of certain lands belonging to his wards, lying in *Bartholomew* county, in the Court of Common Pleas of the latter county. The Court dismissed the application, and refused to entertain jurisdiction of the proceedings, on the sole ground that the Court of Common Pleas of *Hancock* county, by which the letters of guardianship were granted to the petitioner, had exclusive jurisdiction in the premises. *Shockley* excepted and appeals to this Court.

The appellant insists that the Court of Common Pleas of *Bartholomew* county has jurisdiction, and relies mainly upon the fourth section of the act establishing the Court of Common Pleas (2 R. S. p. 17), which is as follows, viz.:

" The Court of Common Pleas within and for the county or counties for which it is organized, shall have original and exclusive jurisdiction in all matters relating to the probate of last wills and testaments, granting of letters testamentary, of administration, and of guardianship; of all matters relating to the settlement and distribution of decedents' estates, and the personal estates of minors; all actions against executors and administrators; to authorize guardians to sell and convey real estate of their wards;

and the appointment of guardians of persons of unsound mind; the examination and allowance of the accounts of executors and administrators, and of the guardians of minors; except where, in special cases, concurrent jurisdiction is given by law to some other Court."

We are of opinion that a proper construction of the above section sustains the decision of the Court below, and that in this case the *Hancock* Common Pleas had exclusive jurisdiction. The provisions of this section can have no reference to matters that do not pertain to the county where the Court is to have exclusive jurisdiction. We think the following reading may be given the section, to show its meaning, without in any manner changing its effect: "The Court of Common Pleas," &c., "shall have original and exclusive jurisdiction in all matters relating to the probate of last wills and testaments," which are properly admitted to probate in that county; "granting of letters testamentary, of administration, and of guardianship," where such letters are properly to be granted in that county; "of all matters relating to the settlement and distribution of decedents' estates, and the personal estates of minors," where such settlement and distribution are properly made in that county; "all actions against executors and administrators," where such executors and administrators are appointed in that county; "to authorize guardians to sell and convey real estate of their wards," where such guardians are appointed in that county, &c.

This rendering of the statute gives exclusive jurisdiction in this case to the Common Pleas of the county of *Hancock*, where the letters were issued. It is believed to have been the practice in this state, for a long series of years, for executors, administrators, and guardians, to institute proceedings for the sale of the real estate of the decedents, or wards, in the Court where the letters testamentary, of administration, or of guardianship, were issued, whether the land lay in that or any other county in the state. This we think the correct practice under our present statutes. It is generally much more convenient, and much less expensive, than to be required to institute

separate proceedings in each county where a piece of land might happen to lie. There are many reasons why the Court granting letters should have exclusive jurisdiction to order, on petition, the sale of real estate situate in any county of the state. This, we have no doubt, was the intent of the legislature as gathered from the statutes in relation to executors, administrators, and guardians.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Hill*, for the appellant.