## HUMPHREY ET AL. *v.* MERRITT ET UX.

PLEADING.—*Wrongful Entry on Land.— Waste.—Plaintiff's Possession.*—A complaint to recover of the defendant for wrongfully entering upon the plaintiff's land, cultivating it and raising crops without right, and committing waste, after the plaintiff had acquired title under a will, need not allege that the plaintiff had taken possession, or had offered to do so.

SAME.—*Set-Off.*—A set-off cannot be pleaded in answer to a claim arising out of tort.

PRACTICE.—*Acceptance of Tender.*—Where a defendant has made a tender of money to the plaintiff, on condition that he will accept it in full payment and satisfaction, and has brought the money into court, and it has been accepted and received by the plaintiff, it is error to summarily dismiss the action on the defendant's motion, supported by affidavit stating these facts, whatever other use may be made of them by him.

EXECUTOR AND ADMINISTRATOR.—*Crops on Land Devised.*—Where land devised has crops growing thereon at the time of the testator's death, they go to the executor, and not with the land.

From the Switzerland Circuit Court.

*S. Carter, J. A. Works, J. D. Works* and *C. E. Walker,* for appellants.

*H. W. Harrington, H. A. Downey* and *C. A. Korbly,* for appellees.

BIDDLE, C. J.—James H. Merritt and Huldah Merritt, his wife, filed their complaint against Theodore Humphrey and Jacob R. Harris, the executor of the last will and testament of Cornelius H. Humphrey, deceased, alleging that Arthur Humphrey devised certain lands to said Huldah, his daughter, for life, and in fee to her children, and died; that his will was duly probated and recorded; that afterwards said Theodore and Cornelius wrongfully entered upon said land,

plowed and cultivated the same, raised and gathered large crops, and committed waste, without right, all of which is particularly stated, and values and damage specially alleged. The complaint makes the will an exhibit, and contains several unnecessary averments, which need not be noticed.

The appellants claim that the case should be reversed, because the plaintiffs show in their complaint how the plaintiff Huldah Merritt derives title to said lands, what that title is, and that she never took or received possession of said lands devised to her by her father; and until she did manifest her intention to accept said devise, and receive said lands, by taking possession, or by offering to take possession, she is not in a condition to bring this personal action against the defendants for use and occupation.

What force this objection might have if the suit were one for use and occupation arising out of contract, express or implied, we need not inquire; but, as against an action of tort, it has no validity; nor is the case, since the distinction between the forms of actions has been abolished, at all embarrassed by any technical notions of actual possession, as was necessary in trespass. The said Huldah's title, under the will, after acceptance, related back to the death of Arthur Humphrey; and it is indifferent whether the action be called assumpsit, trespass or case. The distinction, however, between actions upon contract, which must arise out of agreement, express or implied, and actions of tort, which arise out of wrong, without agreement, is not, and never can be, abolished by legislation. It exists in the nature of things; and that this complaint is founded on an alleged tort is very evident.

Paragraphs 1 and 2 of the answer are joint and separate general denials. Paragraph 3 avers that said Theodore and Cornelius were appointed executors of the last will and testament of Arthur Humphrey, but it does not allege that there were any debts to pay, and shows no right to the crops, nor to the possession of the land. *Comparet* v. *Randall*, 4 Ind. 55; *Rubottom* v. *Morrow*, 24 Ind. 202.

Paragraph 4 avers a tender of money on condition that the appellees would accept the amount in full payment and satisfaction.

Paragraph 5 is very long, containing much irrelevant matter, but appears to be pleaded as a verbal license to enter upon said land.

Paragraph 6, which alleges matter of set-off, was properly rejected on motion. *The Indianapolis, etc., R. R. Co.* v. *Ballard,* 22 Ind. 448; *Shelly* v. *Vanarsdoll,* 23 Ind. 543.

Paragraph 7 sets up a license to cultivate the land, and avers that they accounted with appellees for the crops.

Several demurrers and motions to strike out were filed, but the rulings of the court upon them in no instance injured the appellants. Issues of fact were formed on the third, fourth, fifth and seventh paragraphs of answer, by replies in general denial.

After issues joined and before trial, the appellants moved the court to dismiss the suit. The motion was founded on an affidavit filed by Theodore Humphrey, stating that the defendants (appellants) made the conditional tender mentioned in the answer, brought the money into court, which the plaintiffs (appellees) accepted and received. Counter affidavits were filed. The court overruled the motion, and the appellants excepted. The appellees insist that this motion and ruling are not properly made a part of the record. We do not very nicely examine whether the question is preserved or not, as we know of no practice warranting the summary dismissal of a suit on such a motion. Whatever use, or whether any, might be made of the facts set up in the affidavit, by way of answer, we do not state; but it seems to us that that would be the only way by which appellants could have made them available, if at all. *Reed* v. *Armstrong,* 18 Ind. 446.

Trial by jury, general verdict for appellees, and answers to special interrogatories. Motion for a new trial overruled, exception, judgment, appeal.

During the trial, several exceptions were taken to instructions given, and to refusing instructions; but it is insisted by the appellees that the bill of exceptions, which reserves these rulings and also contains the evidence, was never properly made a part of the record. There appears to be some reason to support this view, but we do not closely examine the question. While the rules of practice, which are the defences of justice, must be firmly held, we prefer to decide a case upon its merits, when it can be done without their violation; more especially, when, in either view, the conclusion would be the same. We have examined the instructions given, and those refused, and read the evidence. We cannot perceive that the giving or refusing of the instructions was, in either case, erroneous; but we are confident, in view of the evidence and instructions taken together, that, upon the whole record, there is nothing of which the appellants can rightfully complain.

The general verdict for the appellees was for two thousand two hundred and seventy dollars. They moved the court, however, for judgment upon the special findings, which they claimed would give them a larger amount. The court granted their motion, and gave them judgment for three thousand five hundred and sixty-nine dollars. We can not perceive how the court arrived at this amount without including the value of the crops upon the land at the time of the testator's death. We think this was erroneous. These emblements belonged to the executors as part of the general estate, and did not go with the land to the devisee. 2 G. & H. 494, sec. 34.

We have examined the special findings, in view of the evidence, and are unable to find solid ground upon which to base a judgment for a greater sum than the general verdict. A *remittitur* having been entered for the excess, the judgment is affirmed for two thousand two hundred and seventy dollars, with interest from the date of its rendition, at the costs of the appellees in this court.