Cole, Administrator, *v.* Lafontaine *et al.*

No. 8277.

### . COLE, ADMINISTRATOR, *v:* LAFONTAINE ET AL.

DECEDENTS' ESTATES.—*Petition to Sell Lands.*—*Pleading.*—To a petition of an administrator to sell lands to pay an indebtedness to B. and S., which had been allowed by the court against the estate, an answer that the decedent was not indebted to any one is good.

SAME.—*Estoppel.*—*Administrator.*—*Heirs.*—To such a petition an answer that the defendant is a purchaser from an heir to whom the land was awarded by judgment in partition, with the knowledge and consent of the administrator, shows no *estoppel,* and is bad. So, also, is an answer that the defendant purchased the land from the heirs for full value, with and upon the faith of consent to such purchase given by the administrator.

SAME.—*Statute of Limitations.*—To such a petition an answer, that "no cause of action to have the lands sold hath accrued within the period of fifteen years next preceding the filing of the petition," is good under section 212, Code of 1852; but an answer "to so much of the petition as sets up a claim in favor of B. and S., * * that the cause of action mentioned in the petition did not accrue within six years next preceding the filing of the claim," is bad.

From the Huntington Circuit Court.

*J. U. Pettit, A. Taylor* and *U. D. Cole,* for appellant.

*L. M. Ninde,* for appellees.

ELLIOTT, J.—The appellee instituted this proceeding as the administrator of Francis Lafontaine, to obtain an order for the sale of the decedent's real estate, to pay an indebtedness alleged to be due to Daniel R. Bearss and Moses Scott, and which had been allowed against the estate by the court having jurisdiction of probate matters.

The second paragraph of the answer denies that the decedent was indebted to any one. We think the demurrer to this paragraph was properly overruled. An administrator has no right to sell real estate, except where it becomes necessary to resort to it for the payment of debts due from the decedent.

Appellant contends that, as the petition alleges that the claim was in judgment, the appellees had no right to present

for trial the question of the existence of the debt. This argument assumes too much, for the answer does not concede the existence of any indebtedness by judgment or otherwise, nor does it concede that there was a judgment.

The answer of Lambdin P. Milligan, one of the appellees, alleges that he purchased part of the land sought to be subjected to sale, from one of the heirs of the decedent; that before the purchase the land of which the decedent died seized was partitioned among his heirs by a judgment rendered in an action instituted for that purpose, and the part bought by Milligan was, to copy from the answer, " set off to the said John B. Lafontaine, with the full knowledge and consent of the administrator, and John B. Lafontaine took separate and exclusive possession thereof, and held the same publicly, with the knowledge and consent of the administrator and all of the heirs." We are unable to perceive any ground upon which this answer can be held good. There is no estoppel by record, for the administrator was not a party to the partition suit, and, even conceding, but by no means deciding, that the judgment therein settled title, it settled it only as to parties and privies.

There is no estoppel *in pais*, for it does not appear that Milligan did not have full knowledge of all the facts. *Robbins* v. *Magee*, 76 Ind. 381. Where a party buys with full information, he can not successfully assert that another, having a lien, is estopped because he consented to the purchase and possession. It does not appear that the administrator did a single thing to mislead Milligan; on the contrary, the implication from the pleading is, that he did not oppose the judgment nor challenge Milligan's right to take possession, for the simple reason that he had no authority to do either. An administrator can not prevent a partition, nor can he prevent heirs from taking possession of the share allotted. In fact the heirs have a right to possession until the title passes to the purchaser at the sale made by the administrator. *Hankins* v. *Kimball*, 57 Ind. 42.

The seventh paragraph of the joint answer of the appellees is substantially as follows: That the administrator consented to the sale of the land to them; that the sale was made for the full value of the land; and that the purchase was made upon the faith of the administrator's consent. This answer is fatally defective. A party relying upon an estoppel *in pais* must plead with particularity and certainty the facts constituting the alleged estoppel. *Robbins* v. *Magee, supra.* It is a defence to be affirmatively pleaded, and to be pleaded with certainty, for intendments are not made in its favor. *Wood* v. *Ostram,* 29 Ind. 177 ; Pomeroy Remedies, section 712 ; *Lash* v. *Rendell,* 72 Ind. 475 ; *Robbins* v. *Magee, supra.* The only fact alleged is, that the administrator consented to the sale, and this surely can not be deemed of itself sufficient to estop him from doing his duty to the creditors of the decedent by subjecting the property to sale. Unless it was necessary to sell the land, the administrator had no right to meddle with it in any way ; until then the heirs were entitled to possess and dispose of it as they might see proper. It does not appear that the administrator was under any duty to speak when the sale by the heirs was made; it does not, in fact, appear that he had any authority to consent or object. It does not appear that there was knowledge on his part and ignorance on the part of the purchasers of any material fact.

Back of the questions we have discussed lies the fundamental principle that an administrator can not, by consenting to a sale by the heirs, divest creditors of their right. It is plain upon principle that one possessing statutory powers, and under a duty to exercise them for the benefit of creditors, has no right to consent that their rights shall be swept away by the heirs. It is true that *Pell* v. *Farquar,* 3 Blackf. 331, intimates a different opinion, but that case is expressly overruled in *Moncrief* v. *Moncrief,* 73 Ind. 587.

The sixteenth paragraph of the answer is as follows: "The defendants say that no cause af action to have the lands sold hath accrued within the period of fifteen years next preceding

the filing of the petition." We regard this answer as good. The heirs have a right to interpose the defence of the statute of limitations to a petition to sell the real estate of their deceased ancestor. *Riser* v. *Snoddy*, 7 Ind. 442. There was no other statute applying to a case like this in force when the ruling was made below except section 212 of the code of 1852. Where no special provision is made, the limitation is, by force of the provisions of that statute, fifteen years. It has been held that the provisions of section 212 apply to actions brought to set aside sales made by an administrator on the ground that he was a purchaser at his own sale. *Potter* v. *Smith*, 36 Ind. 231. The case of *Caress* v. *Foster*, 62 Ind. 145, decides that an action to have a deed absolute on its face declared a mortgage and to quiet title, must be brought within fifteen years.

The reasoning upon which these cases proceed is applicable here, for there is no statute which specifically provides for the time within which a petition to sell the real estate of a deceased person may be filed.

The case is a peculiar one. The allowance of the claim of Scott and Bearss may be regarded as in some sense a judgment, for the rule is that the allowance by the court of a claim duly filed is a judgment. *Propst* v. *Meadows*, 13 Ill. 157; *Mitchell* v. *Mayo*, 16 Ill. 83; *Jenkins* v. *Jenkins*, 63 Ind. 120. It is not, however, a judgment against the heirs of the decedent, nor is it a judgment authorizing a sale of the land without the authority of the court called into exercise upon the petition of the administrator. The heirs must be made parties to the proceeding or no valid order of sale can be awarded; but they are neither necessary nor proper parties to the proceedings of the claimant against the administrator. *Comparet* v. *Randall*, 4 Ind. 55. The judgment on the claim is not, in the absence of a statutory promise to the contrary, conclusive against the heirs, but is said to be *prima facie* sufficient to charge the realty. In *Steele* v. *Lineberger*, 59 Pa. St. 308, it was said, in speaking of a judgment upon a claim

against a decedent's estate : " It is conclusive as to the personal estate, but only *prima facie* as to the realty.	Heirs and devisees have a right to a day in court before their interests can be affected by a judgment against the administrator, and they may question and disprove any and every item included in or constituting the judgment against the administrator, if they can." Freeman Judg., section 163. The right of the heirs to plead the statute of limitations can not, as we have seen, be doubted, and the only question, therefore, is, have they pleaded the proper statute? The plea under immediate mention goes to the time of filing the petition, and does not reach back to the cause of action constituting the claim filed against the ancestor's estate. In other words, it affirms that the administrator must file his petition within fifteen years after the right to file accrues, but it does not challenge the original cause of complaint.

Enough has, perhaps, been said to show that the appellees have a right to rely upon the fifteen-year clause of the statute, but a word or two more upon this point may serve to make our position clearer and stronger. The allowance of the claim is not a judgment against the heirs, and a petition to sell their lands is, therefore, not an action upon a judgment within the meaning of our statute. The petition is not a proceeding for the enforcement of a judgment against the administrator, but is a proceeding to reach property and sell it for the benefit of creditors. The petition is not founded upon the allowance of the claim, nor upon any written contract, nor is it in any sense an action upon a contract; it is not an action for the recovery of lands, nor an action to foreclose a lien. It is a peculiar statutory proceeding; in a general sense an action—but not strictly a civil action—for it requires adverse parties, process and service of process. It is, therefore, an action within the class embraced by section 212 of the statute of 1852.

The sixth paragraph of the answer is as follows: " For a sixth paragraph of answer to so much of the petition as sets

up a claim in favor of Bearss and Scott, the defendants say that the cause of action mentioned in the petition did not accrue within six years next preceding the filing of the claim." To this answer the appellant replied, but we deem it unnecessary to set forth the reply, for we regard the answer as bad. The reply, although bad, is good enough for a bad answer, and it was, therefore, error to sustain the demurrer of the appellees.

We have no doubt that the heirs of the decedent had a right to plead the statute of limitations to the claim of the creditor. This question is settled by the case of *Riser* v. *Snoddy, supra,* and the rule there declared is fully sustained by the adjudged cases: *Jennings* v. *Kee,* 5 Ind. 257 ; *Mooers* v. *White,* 6 Johns. Ch. 360 ; *Ferguson* v. *Broome,* 1 Bradf. 10 ; *Callahan* v. *Griswold,* 9 Mo. 784 ; *In the Matter of Godfrey,* 4 Mich. 308 ; *Estate of Crosby,* 55 Cal. 574 ; *Wolf* v. *Ogden,* 66 Ill. 224 ; *Beckett* v. *Selover,* 7 Cal. 215 ; *Campau* v. *Gillett,* 1 Mich. (annotated ed.) 416, authorities in note ; *McCray* v. *Tasker,* 41 Iowa, 255.

Our reason for holding the answer bad is that, for aught that appears, the foundation of the claim may have been a written contract, a judgment, or some other written instrument to which the six-year limitation clause does not apply. The rule as to the effect of the allowance is correctly stated in the case cited from the Pennsylvania reports, for the courts uniformly hold that the allowance of the claim creates a *prima facie* case against the heirs. In order, therefore, for the appellees to have shown that the claim was barred, they should have alleged such facts as made it appear to be within the statute pleaded. The presumption is that the administrator did his duty, and that the court allowed the claim because it was a valid one ; and, until the heirs show some facts countervailing this presumption, it must prevail.

It will be observed that the sixteenth paragraph of the answer pleads the statute as to the time of the filing of the petition to sell the land ; while the sixth pleads it as to the claim

originally filed. There is, therefore, a very important difference between the two pleas.

The case must be reversed for the errors in the rulings upon the pleadings, and it is not necessary to examine the questions presented upon the ruling denying a new trial.

Judgment reversed.