### No. 12,493.

## WATKINS, ADMINISTRATRIX, *v.* ROMINE ET AL.

DECEDENTS' ESTATES.—*Changing Burial Place of Decedent.—Allowance for, when will not be Made.*—An administratrix, a second wife, is not entitled to an allowance for expenses incurred in removing the body of the decedent from one cemetery to another, where the former was suitable, had been selected by the decedent, was nearer his home, and was the one where his first wife was buried, and where his children desired he should be interred.

SAME.— *When Order Making Allowance to Administrator not Conclusive.*—An administrator who secures from the court an unusual allowance can not claim that the order making it is conclusive, unless it be shown that it was made with a full and accurate knowledge of the facts.

SAME.—*Allowance for Services.*—An administrator, by reason of the distance of his residence from the county seat, is not entitled to extraordinary compensation for his services. An allowance of three hundred dollars for administering on an estate of less than three thousand dollars is probably excessive.

From the Warren Circuit Court.

*C. V. McAdams,* for appellant.

*J. W. Sutton* and *W. L. Rabourn,* for appellees.

ELLIOTT, J.—The heirs of Enoch S. Watkins, deceased, filed exceptions to the final report of the appellant as the administratrix of the decedent's estate.

The first question presented by these exceptions is as to the allowance of two hundred and fifty dollars to the administratrix for the expense incurred in removing the body of the decedent from the cemetery in which it was first interred to another some miles distant. We have carefully studied the evidence, and find that it sustains the judgment of the trial court setting aside the allowance which had been previously made. We think that the evidence shows that the place first chosen for the burial was a suitable one, that it was the one selected by the deceased prior to his death, and was the place which he had prepared for himself. Not only does the evidence show this, but it also shows that his first wife was buried in the cemetery where his remains were first placed, that it

was the place where his children desired he should be interred, and was nearer his home than the one chosen by his second wife, the appellant. Under these circumstances we can not say that the court erred in setting aside the allowance.

It is said by counsel that "The court here made an order on which the appellant, in her capacity as an officer of the court, had a right to rely. On the faith of this order she expended the money." From this premise counsel concludes that the money having been expended on the faith of the order, the allowance should not be set aside and loss cast upon the administratrix. This argument is not without force, but is specious rather than sound. The infirmity in it lies in the assumption that the facts stated in the petition were the same as those developed by the evidence, whereas they are essentially different. We regard it as too clear to require discussion that an administratrix who secures an unusual allowance can not claim that the order making it is conclusive, unless she shows that it was made with a full and accurate knowledge of the facts. In this instance the evidence shows that the petitioner did not fully place before the court all the facts, and, as she failed to do this, she can not justly complain that the court, when fully informed as to the facts, changed its ruling. In such cases as this the court must depend in a great measure upon the facts stated in the petition asking the allowance, and the petitioner must, at her peril, state the facts fully and correctly. *Collins* v. *Tilton*, 58 Ind. 374.

We are bound by long settled rules to respect the finding of the trial court upon the evidence, unless it is made to appear that a wrong was certainly committed, and that is far from being made to appear here.

The second question presented by the exceptions is as to the refusal of the trial court to allow the appellant six hundred dollars for her services as administratrix. We can not say that there was any abuse of discretion in this ruling. The amount received by her was $2,764, and the amount disbursed was $2,164. The claim for $600 for the services ren-

dered in managing an estate not larger than that of the appellant's intestate was entirely too much. It is true that she shows that she lived some distance from the county seat, and made a great many trips to consult with her counsel, but she ought not to be allowed for this extraordinary expense; for, if she found that she lived at such a distance from the county seat as to make it an unusual expense for her to discharge her duties, she should have resigned rather than overburden the estate. It is our opinion that the allowance of $300 for services was a very liberal one. We are, indeed, inclined to the opinion that the court erred in making the allowance so large.

Judgment affirmed.

Filed May 20, 1886.