## DANIELS, ADMINISTRATRIX, v. BRUCE ET AL.

[No. 21,845. Filed June 21, 1911.]

1. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Actions.—Jurisdiction.—Change of Venue.*—A proceeding by an administratrix to sell real estate for the payment of decedent's debts is a civil action, the exclusive original jurisdiction of which is in the court issuing the letters of administration; and a change of venue from the county, or a change of judge is demandable. pp. 153, 156.

2. VENUE.—*Change of.—Judge.*—Under §422 Burns 1908, §412 R. S. 1881, providing for a change of venue from the county and a change of judge, a change of venue from the county is demandable wherever a change of judge may be required. p. 156.

3. COURTS.—*Jurisdiction.— Consent.*—Jurisdiction of the subject-matter of an action cannot be conferred by consent; and the question thereof can be raised at any time. p. 157.

4. COURTS.—*Circuit.—Jurisdiction.—Sales of Real Estate to Pay Debts of Decedents.*—Circuit courts have jurisdiction of the subject-matter of an action by an administratrix to sell her decedent's real estate to pay debts. p. 157.

5. COURTS.—*Jurisdiction.—Consent.*—Jurisdiction of the person may be given by consent, or by waiver in failing to object, where the court has general jurisdiction over the subject-matter of the cause of action. p. 157.

6. COURTS.— *Jurisdiction.— Estoppel.— Administrators.— Sales of Real Estate.*—An administratrix who makes no objection to a change of venue, voluntarily filing an amended complaint in the court to which the change was granted, and, without objection, tries the case on its merits, is estopped to question the court's jurisdiction, where it had jurisdiction of the subject-matter of the action. p. 158.

7. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Actions.—Dismissal.*—The trial court may refuse to permit an administratrix to dismiss an action to subject decedent's real estate to the payment of his debts, such administratrix being an arm of the court and being subject to the court's orders. p. 158.

8. EXECUTORS AND ADMINISTRATORS.—*Allowances.—Review by Other Court.—Attorneys.*—In an action by an administratrix to

subject decedent's real estate to sale for the payment of his debts, allowances made by a prior court, previous to a change of venue, to the former executor and to his attorneys may be reduced; and where there is some evidence sustaining such finding, the judgment will not be disturbed for want of evidence.  p. 159.

9. EXECUTORS AND ADMINISTRATORS.—*Allowances.—Evidence.—Appeal.*—The trial court's judgment as to the number and amount of allowances shown by the evidence to be chargeable against an estate will not be disturbed on appeal unless an affirmative showing of error is made.  p. 160.

10. APPEAL.—*Briefs.—Waiver.*—Alleged errors are waived, where no points are made thereon, nor authorities cited, in appellant's brief.  p. 160.

From Gibson Circuit Court, *O. M. Welborn,* Judge.

Action by Kate B. Daniels, as administratrix *de bonis non,* with the will annexed, of the estate of William D. Daniels, deceased, against Abby D. Bruce and others. From an interlocutory order for plaintiff, she appeals.  *Affirmed.*

*James T. Walker* and *Henry B. Walker,* for appellant.

*John W. Brady, Lucius C. Embree, Morton C. Embree, John W. Spencer, John R. Brill, Frank H. Hatfield, J. E. Williamson, E. B. Green, H. M. Phipps* and *T. G. Risley,* for appellees.

Cox, J.—This is an appeal from an interlocutory order for the sale of real estate, made on the petition of appellant, as administratrix *de bonis non,* with the will annexed, of the estate of William B. Daniels, her deceased husband, to make assets to pay the debts of his estate.

The proceeding was instituted by James Lauer, as executor of the last will of decedent, in the Vanderburgh Circuit Court, in which court the settlement of the estate was pending, and which had issued to him his letters of executorship. A change of venue was granted on the motion and affidavit of one of the appellees, and the proceeding was sent to the Posey Circuit Court. Upon the written agreement of the parties it was from there sent to the Superior Court of Vanderburgh County. This latter court, not having jurisdiction

of the subject-matter, the proceeding was, on motion, transferred to the Vanderburgh Circuit Court. While pending in that court Lauer resigned, and appellant was appointed administratrix *de bonis non*, with the will annexed, and substituted as the petitioner. Lauer had obtained a decree of sale, and appellant tried to make sale thereunder, but failed for want of service on some heirs and other parties, being restrained from proceeding under that order. Appellant then filed a petition and made such persons parties to the proceeding. Again, on motion and affidavit of one of the appellees, the venue was changed to the Posey Circuit Court. Subsequent to this, appellant filed in the Posey Circuit Court another petition, designated an amended petition, and summons was issued to each of the parties defendant thereon. On issues formed, the matter proceeded to trial on such petition in that court. Before the completion of the trial, that term of the Posey Circuit Court ended, and, by consent of the parties, the case was taken to the Gibson Circuit Court, and the trial was there finished, before the same judge who was the presiding judge of both the Posey and Gibson Circuit Courts, and the order made from which this appeal is prosecuted.

By proper assignments of error it is first contended by appellant that the Gibson Circuit Court was without jurisdiction to hear and determine the proceedings. It is

1. urged as the basis of this contention, that as that section of the decedents' act authorizing the filing of a petition by an administrator for the sale of real estate of the decedent requires such petition to be filed in the court in which the estate is pending for settlement, and as no provision is made in that act for a change of venue, that court has exclusive jurisdiction of such a proceeding. And it is insisted that no change of venue in such a proceeding can be taken to, or the jurisdiction conferred upon, a circuit court of another county by agreement or other waiver.

The section of the statute authorizing a petition to sell

real estate is §111 of the decedents' estates act of 1881 (§2852 Burns 1908, §2336 R. S. 1881), and provides as follows: "Whenever an executor or administrator shall discover that the personal estate of a decedent is insufficient to satisfy the liabilities thereof, he shall, without delay, file his petition in the circuit court issuing his letters, for the sale of the real estate of the deceased, to make assets for the payment of such liabilities."

The law governing the same matter, which had long been in force prior to the enactment of the said section, did not specifically provide where the original jurisdiction was lodged, but provided generally that the court having jurisdiction should order the sale. 2 Gavin & Hord p. 506. There arose some confusion under that statute whether the petition should be filed in the first instance in the court of the county where the land was, or in that in which the estate was pending for settlement. *Ex parte Shockley* (1860), 14 Ind. 413; *Williamson* v. *Miles* (1865), 25 Ind. 55; *Jones* v. *Levi* (1880), 72 Ind. 586.

The first case in this court involving the jurisdiction of such a proceeding under §2852, *supra,* was *Vail* v. *Rinehart* (1886), 105 Ind. 6, in which Howk, J., writing the opinion of the court, said: "Under this section of the statute, it is clear that the circuit court, which issues the letters testamentary or letters of administration upon the estate of a decedent, has exclusive original jurisdiction of a petition for the sale of his decedent's real estate, in whatever county the same may be situate, to make assets for the payment of the liabilities of such decedent's estate." It is to be noted that the learned judge, adhering to his well-known care in using words to convey an exact meaning used the words "exclusive original jurisdiction." We think he used the word "original" as limiting the exclusiveness of the jurisdiction in the institution of the proceeding, and at least leaving open the question whether it might not, by change of venue, be subsequently submitted to the jurisdiction of the court of

another county, having jurisdiction of the general subject-matter of decedents' estates. The question then arises, Is there authority for granting a change of venue in such a proceeding from the county where the exclusive original jurisdiction is lodged? The identical question seems never to have been decided by this court. That the practice of granting such change of venue has been more or less general throughout the State has become known to this court through the examination of the records of appealed cases. The latest instance of this practice is *Ditton* v. *Hart* (1911), 175 Ind. 585. Doubtless many land titles throughout the State rest on sales made on orders of the court to which the venue had been changed. The decedents' estates act by its terms neither grants nor withholds the right to a change of venue from the county or a change of judge. It is silent as to this, as it is in many other matters of practice necessary in carrying out all of the objects of the statute, except as it is provided in §2863 Burns 1908, §2346 R. S. 1881, that the hearing in certain particulars shall be conducted "as in other cases."

It has been held that a drainage proceeding, which is quite as much a special statutory proceeding and *sui juris* as a proceeding by an administrator to sell real estate, is so far a civil action that the act providing for a change of venue (§422 Burns 1908, §412 R. S. 1881) is applicable to it. *Bass* v. *Elliott* (1886), 105 Ind. 517. Such act is held applicable in a proceeding for the appointment of a guardian for a person of unsound mind (*Berry* v. *Berry* [1897], 147 Ind. 176) ; in proceedings to contest an election (*Weakley* v. *Wolf* [1897], 148 Ind. 208) ; in proceedings supplementary to execution (*Burkett* v. *Bowen* [1885], 104 Ind. 184) ; in a proceeding to disbar an attorney (*In re Darrow & Talbott* [1910], 175 Ind. 44). See, also, *Jaseph* v. *Schnepper* (1891), 1 Ind. App. 154; *McConahey's Estate* v. *Foster* (1899), 21 Ind. App. 416; *Goodbub* v. *Estate of Hornung* (1891), 127 Ind. 181.

Furthermore, it is settled that a claim against a decedent's estate is a civil action within the meaning of the statute relating to a change of judge (*Lester* v. *Lester* [1880], 70 Ind. 201) ; and that the same statute is applicable to a proceeding by an administrator to sell real estate (*Scherer* v. *Ingerman* [1887], 110 Ind. 428). In the latter case it was said: "In many regards, the decedents' act does not provide a complete mode of procedure. That is so in relation to the proceedings by which the administrator may reach real estate for the payment of debts. Where a complete mode of procedure is not thus provided, we must look to the civil code, and apply the rules of pleading and practice provided for civil actions. To the extent that such rules of pleading and practice must be applied, the proceeding is a civil action." It was there held that a party defendant is entitled to a change of judge under the provisions of §422, *supra,* which reads, in part, as follows: "The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party."

Following the part of §422, *supra,* quoted, it gives the causes for which changes of judge or from the county may be had. Since the authority to change the judge, and the venue from the county, is derived from the same statute, both being conferred by that part of said section just quoted, it would seem that the authority to change from the county exists whenever there is authority to change the judge. In a proceeding to sell real estate the title may be litigated, a fraudulent conveyance may be set aside, and many issues may be required to be tried therein, of a nature which clearly characterizes them as issues in civil actions. We therefore conclude that upon a proper and timely application, a change of venue from the county in which the estate is pending for settlement may be taken. If reasons exist making such practice unwise, the legislature may prohibit it.

Moreover, if it should be granted that appellant's conten-

tion that there is no authority for a change of venue from the county in such a proceeding is sound, it still does not follow that the Gibson Circuit Court was devoid of jurisdiction. It is of course true that jurisdiction of the subject-matter cannot be waived by failure to object, or conferred by consent or express agreement on a court that does not possess it, and if the Gibson Circuit Court did not have jurisdiction of the subject-matter of the action, then appellant's objection thereto, raised by her motion in arrest and assignment of error in this court, would be timely. Brown, Jurisdiction (2d ed.) §10. But the jurisdiction of the Gibson Circuit Court, within its territory, of the subject-matter of the class of proceedings to which this belongs, was identical with that of the Vanderburgh Circuit Court within its territory. The jurisdiction of each was plenary, was derived from the same source, and at the same time. Both had jurisdiction of the general subject-matter of the settlement of decedents' estates and of proceedings to sell real estate in aid thereof. Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings then before the court belong. Brown, Jurisdiction (2d ed.) §3, note 3; 11 Cyc. 669; 17 Am. and Eng. Ency. Law (2d ed.) 1066; *State, ex rel.,* v. *Wolever* (1891), 127 Ind. 306; *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405; *Jones* v. *Cullen* (1895), 142 Ind. 335, 342; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232: *Yates* v. *Lansing* (1810), 5 Johns. *282.

Where there is jurisdiction of the general subject—that is of the general class of cases to which the particular case belongs—jurisdiction may be given by consent or agreement, or objection thereto may be waived by failure to make timely and specific objections. *Center Tp.* v. *Board, etc.* (1887), 110 Ind. 579; *Tucker* v. *Sellers* (1892), 130 Ind. 514, 518; *McCoy* v. *Able* (1892), 131 Ind. 417, 420; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 105; *Eel*

*River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 231; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; Elliott, App. Proc. §§499-503.

Appellant had raised no objection to the change of venue to the Posey Circuit Court, and there she voluntarily filed the amended petition on which the case was tried.

6. She expressly consented to the change to the Gibson Circuit Court, and there she waged a contest over the issue formed. She raised no objection to the jurisdiction of the Gibson Circuit Court until a judgment was rendered that was injurious to her interests as an individual. We do not believe that it is in accordance with the law or its policy thus to allow a person to trifle with courts of general juris-diction, to submit to their adjudication a cause, and when defeated upon its merits, to claim that all that has been done is without effect.

While the court was engaged in announcing its finding, appellant sought to dismiss the proceeding, and the court declined to permit this to be done. It is earnestly

7. contended that the motion was timely, and that in this the court erred and the cause should be reversed. We are convinced that the rule applicable to the ordinary action of an individual litigant, suing to enforce or preserve his personal rights, which allows him control over his action to the extent of the right of timely dismissal of it, is not applicable to this proceeding. Appellant was administering a trust as an officer of court. The duty of selling decedent's real estate to pay his debts was imposed on appellant by §2852 Burns 1908, §2336 R. S. 1881. She was the hand of the court acting under and subject to its guidance and control, for the purpose of effecting a speedy and just settlement of the estate of the decedent. The court, whose servant she was, had inherent power growing out of its probate jurisdiction to require her to institute such a proceeding if she appeared lax in heeding the express mandate of the statute. Moreover, §2859 Burns 1908, §2342 R. S. 1881, expressly

gives the court power, and requires it in such a case upon petition of a creditor, to order an executor or administrator to institute the proceeding under penalty of removal from the trust. Such a proceeding cannot be subject to the control of the executor or administrator as to whether it shall be begun, continued to the end, or abandoned. That control must necessarily rest with the court. To hold otherwise would be to say that the servant was greater than the master. It follows, then, that the court did not err in refusing to permit the dismissal, and whether appellant's motion therefor was timely, is immaterial.

It is finally argued by counsel for appellant that the finding of the trial court is not sustained by sufficient evidence and is contrary to law. In part, this claim is based 8. on the following facts: Lauer, executor, appellant's predecessor in the trust, at the time of his resignation had procured from the Vanderburgh Circuit Court an allowance to himself of $2,700, for his services as executor, and to his attorney an allowance of $1,600. These allowances had been, before the filing of appellant's petition in this proceeding, assigned to her for value. At the time of the trial $650 had been paid on the attorney's allowance, but nothing on that of the former executor. The court found that these allowances were excessive, and that of the executor was reduced to $750, and that of the attorney was reduced to $650, the amount that had been paid on it. Appellant contends that no evidence whatever was introduced to sustain the reduction, and that the court acted arbitrarily in making it. In this the appellant is not sustained by the record, which contains the testimony of an attorney of twenty years experience in the practice, familiar with the value of services of executors and attorneys in the settlement of estates, which fully warranted the court's finding in this particular. These allowances by the Vanderburgh Circuit Court were only *prima facie* correct, and were subject to review and a contest of their correctness, in a proceed-

ing to sell real estate to pay debts, especially when, as here, minor heirs and purchasers from other heirs are parties, and whose lands are to be subjected to sale for the payment of such allowances. *Riser* v. *Snoddy* (1856), 7 Ind. 442; *Cole* v. *Lafontaine* (1882), 84 Ind. 446; *Jackson* v. *Weaver* (1884), 98 Ind. 307; *Scherer* v. *Ingerman, supra; O'Haleran* v. *O'Haleran* (1888), 115 Ind. 493; 18 Cyc. 739, 740. See, also, *Collins* v. *Tilton* (1877), 58 Ind. 374; *Fraim* v. *Millison* (1877), 59 Ind. 123; *Watkins* v. *Romine* (1886), 106 Ind. 378; *Glessner* v. *Clark* (1895), 140 Ind. 427; §2838 Burns 1908, Acts 1883 p. 151, §8.

It is also claimed that there is a lack of evidence to sustain the court's finding in the matter of the amount of other claims against the estate, filed and allowed by the executor. The court in its finding fixed the amount of these claims at a sum somewhat smaller than appellant's counsel, in their brief, claim them to be, and smaller than their aggregate as filed and allowed. But the current reports of the executor, and of appellant as his successor, show that a number of them had been paid. Indulging the presumption, as we must do in the absence of an affirmative showing to the contrary, that the trial court's finding is correct, we cannot say that in this particular it is not sustained by the evidence. We do this the more cheerfully from the firm conviction to which we are forced by the disclosures made by the record that the estate has suffered greatly by waste, mismanagement and improper delay in its settlement.

Counsel in argument object that the finding of the court is contrary to law, but no points or authorities are stated or cited relating thereto, and their argument cannot supply that omission which works a waiver of the question.

The judgment is affirmed.