## HOUSE, ADMINISTRATOR, v. COOMBS ET AL.

[No. 11,469. Filed December 19, 1922.]

EXECUTORS AND ADMINISTRATORS.—*Payment of Debts.—Sale of Land.— Absence of Unpaid Claims against Estate.—* Where there is no valid unpaid claims against a decedent's estate, there is no right to subject the lands to sale for payment of debts.

From Vanderburgh Probate Court; *Walter Q. Lockyear*, Judge.

Action by James M. House, administrator with the will annexed of the estate of Helena Coombs, deceased, against Edward Coombs and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Lane B. Osborn* and *Samuel M. Emison*, for appellant.
*William A. Cullop*, *Morton C. Embree* and *Lucius C. Embree*, for appellees.

ENLOE, J.—This was an action by the appellant as administrator, with will annexed, of the estate of one Helena Coombs, who died at Knox county, Indiana, on July 1, 1913, to sell real estate to make assets with which to pay debts. The complaint, which was filed in

October, 1914, alleged that claims amounting in the aggregate to $1,243.40 had been filed and allowed against said estate, and that said decedent left no personal estate with which to pay the same. It was further alleged that decedent died the owner of certain lands, described in said complaint, of the probable value of $6,000; that the appellee Edward Coombs was the surviving husband of said decedent and sole beneficiary under her will; that he had sold and conveyed said lands to one Frank Cardinal, one of the appellees herein. Edward Coombs and Frank Cardinal were made defendants in said action. The cause was begun in Knox county and by change of venue finally sent to Vanderburgh county for trial.

To the above complaint the appellees answered, first, by general denial; and second, by a special answer in which, among other things, it was alleged that the decedent, Helena Coombs, by her last will and testament, which had theretofore been duly probated in Knox county, Indiana, had bequeathed and devised to appellee Edward Coombs, her surviving husband, all her property both real and personal, and had named and appointed her said husband as executor of her said will; that after said will was probated, said Edward Coombs took possession of all the property of said decedent, and paid all valid claims against said estate, and that, in February, 1914, said Coombs had sold and conveyed said real estate described in plaintiff's complaint to one Frank Cardinal for the sum of $6,000 cash; that said estate was not indebted to any person, and that the appellant had taken out letters of administration without the knowledge or consent of appellees, and for the sole purpose of annoying and harassing them. To this paragraph of answer there was a reply in general denial.

The appellee Edward Coombs also filed his cross-complaint, asking that the action of said administrator, in

allowing the claims upon which his said petition to sell said lands was founded, be set aside and canceled. There was an answer in general denial to this cross-complaint.

The issues as thus finally closed were submitted to the court for trial, and resulted in a finding for the appellees, with judgment accordingly.

The appellant's motion for a new trial having been overruled, he now prosecutes this appeal. The error assigned is the overruling of his said motion, the grounds of which were, that the decision of the court was contrary to law, and that the decision of the court was not sustained by sufficient evidence.

The argument of the appellant in this case proceeds upon the assumption that there were *valid* unpaid claims against the estate of Helena Coombs, and that therefore the lands of which she died seized were liable to be sold to pay such claims.

In the case of *Steele* v. *Lineberger* (1868), 59 Pa. 308, it was said, "Some misapprehension as to the effect of the judgment against the administrator seems to have pervaded the minds of counsel for the defendants in error. It is conclusive as to the personal estate, but only *prima facie* as to the realty. Heirs and devisees have a right to a day in court before their interests can be affected by a judgment against the administrator, and *they may question and disprove any and every item included in or constituting the judgment against the administrator,* if they can; so that in fact, the only importance of the judgment against the administrator, so far as any interest in the realty is concerned, is, that it is *prima facie* evidence of a debt due by the estate, and the foundation for a proceeding to try whether or not the realty is chargeable with it." (Our italics.)

The above case was cited as an authority in the case of *Cole, Admr.,* v. *Lafontaine* (1882), 84 Ind. 446, in which case the court, speaking by Elliott, Judge, said:

"The case is a peculiar one.   The allowance of the claim of Scott and Bearss may be regarded as in some sense a judgment, for the rule is that the allowance by the court of a claim duly filed is a judgment.   *   *   *   It is not, however, a judgment against the heirs of the decedent, nor is it a judgment authorizing a sale of the land without the authority of the court called into exercise upon the petition of the administrator.   The heirs must be made parties to the proceeding or no valid order of sale can be awarded; but they are neither necessary or proper parties to the proceedings of the claimant against the administrator."

In the case last cited, which was a proceeding to sell lands to pay debts, the defendants had filed a paragraph of answer denying that the decedent was indebted to any one, and the court said that a demurrer thereto was rightfully overruled, though in that case, as in the case at bar, the claims had been allowed.   See, also, *Riser* v. *Snoddy, Admr.* (1856), 7 Ind. 442, 65 Am. Dec. 740; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569.

Under the foregoing authorities, the first question which the trial court had to determine was as to whether there were any valid unpaid claims against the estate of Helena Coombs, for if there were no such claims, there was no right to subject the lands in question to sale.   The judge who tried the cause had an opportunity to see and hear the witnesses and note their manner and conduct while testifying; he has found that there were no valid unpaid claims against the estate of Helena Coombs, and therefore no right to have said lands sold.   There is abundant evidence to sustain the decision of the trial court, and the same is not, upon the record before us, contrary to law.   Judgment affirmed.