[L. A. No. 8482. In Bank.—August 27, 1925.]

In the Matter of the Estate of EMILE BAUER, Deceased. HAMILTON A. BAUER et al., Appellants, v. LLOYD C. BAUER et al., Executors, etc., Respondents.

[1] ESTATES OF DECEASED PERSONS—REMOVAL OF REMAINS OF DECEASED—CLAIM FOR.—A claim by a son of a deceased person against the latter's estate for the expense incurred by the former, without consultation with or the concurrence or acquiescence of the executrix or executor of the estate, in removing the ashes of the deceased, which had been deposited by direction of the executrix and executor in a niche in a columbarium selected by the deceased, to a new columbarium, is not a proper part of the "funeral expenses" of the decedent within the meaning of that term as employed in the Code of Civil Procedure and is properly disallowed as a claim against the estate.

[2] ID.—DEFINITION OF FUNERAL EXPENSES.—The term "funeral expenses" has reference to those necessary and, in fact, compulsory expenditures, the necessity for which arises immediately upon and after the death of the decedent and which embrace coffining, em-

1. Liability of decedent's estate for funeral expenses, note, 33 L. R. A. 660; 52 L. R. A. (N. S.) 1152. See, also, 12 Cal. Jur. 86; 11 R. C. L. 224.          •

balmment, arraying, and sepulture or cremation of his body, together with those accustomed forms and ceremonies which attend upon the present disposition of his remains.

(1) 24 **C. J.**, p. 307, n. 28.    (2) 24 **C. J.**, p. 307, n. 28.

APPEAL from an order of the Superior Court of Los Angeles County disallowing a claim against the estate of a deceased person. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter and Hamilton A. Bauer for Appellants.

J. W. Morin and Morin, Newell & Brown for Respondents.

RICHARDS, J.—This appeal is from an order of the superior court of the county of Los Angeles, sitting in probate, denying the application of the appellants herein for an order directing the allowance and payment of a claim which had theretofore been presented by the appellant Cypress Lawn Cemetery Association, embracing certain charges and expenditures made by it in removal of ashes of the decedent several months after the death and funeral and cremation of the remains of said decedent from their primary place of deposit to another and, it is claimed, more fitting and suitable niche in the said appellant's new columbarium solely upon the request and direction of its coappellant Hamilton A. Bauer, an elder son of said decedent. The additional facts preceding and attending the application for the allowance of said claim and the denial thereof by said court are in substance the following: Emile Bauer, the decedent referred to in appellants' said application, died in the city of Pasadena on June 15, 1923, where for many years he had resided. He had been twice married. He left surviving him his widow by his second marriage and a younger son, the offspring of said marriage. He also left surviving him an elder son by his first marriage, viz., Hamilton A. Bauer, one of the appellants herein. The deceased left an estate of the approximate value of one hundred thousand dollars. Some years prior to his death he had selected a receptacle for the ashes of his deceased

children by his former marriage and for his own remains, which in his will he directed should be cremated. The selected custodian of the ashes of his deceased children and himself was the Cypress Lawn Cemetery Association, one of the appellants herein, and prior to his death the ashes of his said deceased children had by his direction been deposited in a niche in an older columbarium of such association. Upon his decease and after his funeral and the cremation of his remains his surviving widow, who with his said younger son had been named as the executrix and executor, respectively, of his estate, directed the local undertaker to transmit the ashes of her deceased husband to the Cypress Lawn Cemetery Association for deposit in said niche. Her direction in that respect was complied with and the deposit accordingly made. Several months went by when Hamilton A. Bauer, the elder son of the decedent, and one of the appellants herein, deeming the place of deposit of the ashes of his deceased father unsuited to a man of his wealth or station, went upon his own initiative to the said Cemetery Association, selected another niche in its new columbarium, directed an inscription to be prepared and placed upon the urn containing his father's ashes, and upon their transference to the new place of deposit at considerable expense ordered the bill sent to the executrix and executor of his father's estate, whom he had not consulted nor sought the concurrence or acquiescence of in making the foregoing arrangements and in incurring the expense incident thereto. It was the bill of expense thus incurred which, upon presentation, the executrix and executor of said estate refused to pay. Upon the hearing on the application of the appellants for an order compelling the allowance and payment by the estate of said claim Hamilton A. Bauer was the only witness examined and it was upon his testimony to substantially the foregoing facts that the order denying said application was predicated.

[1] The claim for the payment of which the appellants made their aforesaid application to the probate court formed no proper part of the "funeral expenses" of the decedent within the meaning of that term as employed in the Code of Civil Procedure, section 1646. [2] The term "funeral expenses" has reference to those necessary and, in fact, com-

pulsory expenditures, the necessity for which arises immediately upon and after the death of the decedent and which embraces the coffining, embalmment, arraying, and sepulture or cremation of his body, together with those accustomed forms and ceremonies which attend upon the present disposition of his remains. (2 Woerner on Administration, 3d ed., sec. 358.) The term has been held to include the expense of a monument or tombstone over the grave of the deceased (*Fairman's Appeal*, 30 Conn. 205; *Pease* v. *Christman*, 158 Ind. 642 [64 N. E. 90]), but not to include the cost of subsequently inclosing the burial lot (*In re Meyers Estate*, 18 Phila. (Pa.) 42), nor to include the making of a portrait of the deceased (*Appeal of McGlinsey*, 14 Serg. & R. (Pa.) 64), nor to embrace the cost of reinterment unless the first place of interment was found to be improper (*Wilkins* v. *Romine*, 106 Ind. 378 [7 N. E. 193]). In the instant case we must assume in support of the order of the probate court that it made the implied finding that the original place of deposit of the ashes of the deceased was not improper, especially in view of the admitted fact that it was the place selected by the decedent in his lifetime for the deposit of the ashes of his deceased children and of his own ashes upon his decease. The expenditure upon which the appellants' claim is predicated not being properly classed as "funeral expenses" under the particular circumstances of the case, it follows that it was not such an expenditure as might have been ordered by the friends or relatives of the deceased prior to the appointment of an executor or administrator of his estate and which, if reasonable, considering the amount of the estate of the deceased and the circumstances surrounding his death and burial, would be a proper charge against his estate. (*Estate of Hincheon*, 159 Cal. 755, 763 [36 L. R. A. (N. S.) 303, 116 Pac. 47]; 2 Woerner on Administrations, 2d ed., sec. 357; *Francis' Estate*, 75 Pa. St. 220.) Not being such, it is clear that the appellant Cypress Lawn Cemetery Association would have no right to charge against the estate of said decedent the expenses of removing the ashes of the decedent to another place than that of their primary deposit if such removal had been undertaken upon its own initiative, and it would seem to be equally clear that it could not do so when it had taken such

action upon the initiative or direction of a son of the deceased who bore no official relation to those in immediate charge of the affairs and properties of the estate and who had no other authority than that of his own initiative to direct the removal of his father's ashes, long after their primary interment to another place of repose. The question as to who is entitled to the remains or ashes of a deceased person is one to which much learning has been applied, particularly in the more ancient precedents, as may be seen from the notes to *Wynkoop* v. *Wynkoop,* 42 Pa. 293 [82 Am. Dec. 506]; but this is not so much the question here as is the inquiry as to who may be entitled to create a charge against the estate of a decedent by incurring or directing an expenditure for the transfer of the latter's remains or ashes, long after his decease, from one place of sepulture to another. It is our view that there were two courses open to the appellant Hamilton A. Bauer in the premises as presented by him upon the hearing upon the application to the probate court. One of these was to secure the prior order or subsequent acquiescence of the executrix and executor of the estate in the removal of the ashes of the deceased to another place of deposit as directed by him; or, as the other alternative, to pay the expense of such removal himself.

The order is affirmed.

Myers, C. J., Lawlor, J., Waste, J., Seawell, J., Knight, J., *pro tem.,* and Lennon J., concurred.

Rehearing denied.