*W. Franklin,* for appellant.

*S. H. Buskirk, R. T. Rose* and *McDonald & Roache,* for
appellee.

———————————•———————————

### RUBOTTOM *v.* MORROW, Administrator of RUBOTTOM.

ADMINISTRATOR.—LIABILITY FOR LOSS BY FIRE.—An administrator must
be held to adopt such precautions against the loss of property by fire, as
prudent men are, under similar circumstances, accustomed to exercise.

SAME.—RENTS OF REAL ESTATE.—Ordinarily, an *administrator* is not
chargeable with the rents of real estate accrued during his adminis-
tration.

EXECUTOR.—RIGHT TO POSSESSION OF REAL ESTATE.—Real estate, unless
otherwise disposed of, goes to the heirs, and not to the executor, and a
mere power given to the executor to sell real estate, does not give him a
right to the possession thereof. To entitle him to such possession, the
land, or its usufruct, must be expressly given to him by the will.

APPEAL from the *Franklin* Common Pleas.

FRAZER, J.—This was a suit against an administrator,
with the will annexed, for waste and mal-administration.
The judgment below was for the defendant. The cause was
tried by the court, a jury having been waived. The facts
were found specially, and we think that the evidence
was sufficient to justify the findings.

But there are two questions of law in the record, which demand our consideration.

1. A mill, which was lease-hold property, was destroyed by accidental fire, being, at the time it was burned, let to responsible parties, who, by the terms of their lease, were bound to repair, but who became insolvent, so that the money was not made upon their liability, though it was reduced to judgment. It is contended that the administrator ought to have kept the property insured, and that he is liable for having neglected to do so. No authority is cited for this proposition, and we know of none. What little there is in the books, so far as our search, and that of counsel, has extended, is the other way. Williams on Exrs. 1638; 2 Har. Dig. 2998. These works cite *Bailey* v. *Gould*, 4 Y. & Coll. 221.

But we think, with the judge who tried the case below, that the administrator ought to be held to adopt such precautions against loss of property by fire, as prudent men are, under similar circumstances, accustomed to exercise to indemnify themselves against the like casualty. This would be but reasonable care, and, ordinarily, an administrator is held to that. The decided weight of the evidence was that mill owners, in that region, were not generally in the habit of insuring, in consequence of the high rates of premium demanded.

2. Was the administrator, in this case, chargeable with the rents of the real estate, accrued during his administration? Ordinarily, he would not be, but here there was a will, and the question depends upon it.

The provisions of the will are as follows: The dwelling house and lot, (except that part of it occupied by a store, which stood thereon,) with certain specified village lots, were devised to the widow, who is plaintiff in this suit. Certain specific bequests were also made, and to the widow an annuity of $500. The residue of the estate, "both real and personal," was given, in equal parts, to a nephew and sister of the testator. It was directed that the nephew,

one *John J. Rubottom*, who was made an executor, (with two other persons,) should, with the counsel of his co-executors, continue the business of milling and merchandising, as the testator had conducted it, and had endeavored to instruct *John J.* The real estate, not specially devised to the widow, consisted of a house and lot used in connection with the mill, for a miller's dwelling, a ware house and a store house, with the ground upon which they stood, and which were used in conducting the mercantile and milling business, and, also, several tracts of farming lands.

The law is too well settled for controversy, that real estate, unless otherwise disposed of, goes to the heirs, and not to the executors, and that a mere power given to the executor to sell real estate, does not give him a right to the possession thereof; that to entitle him to such possession, the land, or its usufruct, must be expressly, or by necessary implication, given to him by the will. Such is not the testament in the case before us. A portion of the real estate was by it expressly given to the widow, and the *residue* of the estate, "both *real* and personal," subject to specific bequests, was disposed of to the nephew and sister of the testator, thus clearly indicating an expectation on his part, that it would not be necessary even to sell all the real estate. Except as to such of it as was necessary for the mercantile and milling operations, there is nothing whatever upon which to rest the implication that the testator intended that the executor should take possession of the real estate, or receive its rents and profits. It is true that the wife's annuity was a charge upon it, for the satisfaction of which it might be necessary to *sell* it, but the right to its possession and profits does not, by any means, result therefrom. *Clendenning* v. *Lunius*, 3 Ind. 441. It may fairly be implied, that *John J. Rubottom*, as executor, should use the store room, ware house and miller's dwelling, in conducting the milling and mercantile business, as he was by the will directed to do. He became executor, and did so until his resignation, when the appellee was

appointed administrator, with the will annexed. This right, if implied, was incident to the authority to conduct the business directed. But, as we understand the will, that authority was personal to *John J. Rubottom*, ceasing when he ceased to be executor, and did not continue, as it would if given to the executors generally, in the hands of the administrator *de bonis non.* 2. G. & H. 489.

The judgment is affirmed, with costs.

*N. B. Rairden, G. Holland* and *C. C. Binkley*, for appellant.

*J. D. Howland* and *L. Barbour*, for appellee.