RODMAN *v.* RODMAN ET AL., ADMINISTRATORS.

DECEDENTS' ESTATES.—*Emblements.*—The emblements and annual crops with which an administrator is chargeable do not include those planted and grown after his decedent's death.

SAME.—*Estate not Liable for Trespass of Administrator.*—An administrator, by taking and charging himself with property not belonging to his decedent's estate, does not thereby render such estate, nor himself as such administrator, liable to the owner of such property, for the value thereof.

SAME.—*Claim Against Estate.*—*Jurisdiction.*—Where the objection is made for the first time, in the supreme court, that the circuit court had no jurisdiction of a claim against a decedent's estate, because the record does not affirmatively show that such claim had been entered on the appearance docket, there refused, and thence transferred to the issue docket, but the record does show its filing in the clerk's office in time to have been thus disposed of, it will be presumed that such steps were duly taken.

From the Washington Circuit Court.

*J. S. Butler,* for appellant.

*T. L. Collins* and *A. B. Collins,* for appellees.

HOWK, J.—The court below sustained appellees' demurrer to appellant's amended complaint, to which decision the appellant at the time excepted, and judgment was rendered on the demurrer, in favor of appellees and against appellant. In this court, the only error assigned is that the court below erred in sustaining the demurrer to the amended complaint.

A brief summary of the material facts stated by appellant in her amended complaint is, therefore, necessary to a proper understanding of this cause. It is alleged in the amended complaint that the Jackson circuit court, at its April term, 1873, made a decree in the case of William P. Butler and Martha A. Rodman, administrators of the estate of Thomas J. Rodman, deceased, against Philena S. Coffman, Stuart Coffman, Walker B. Rodman, Walter B. Rodman, Ella Hobbs, Belle Rodman, Aden E. Rodman, Hugh E. Rodman, Thomas J. Rodman, Charles H. Rodman, James B. Rodman, William H. Rodman, Elizabeth Rodman and John B. Rodman, as heirs at law of Walker

B. Rodman, deceased, for the sale of certain real estate in Jackson county, Indiana, to pay the sum of thirty-one thousand five hundred and forty-four dollars and fifteen cents due from said Walker B. Rodman, deceased, to said Thomas J. Rodman, deceased, which real estate is particularly described in said amended complaint; that said real estate was sold, pursuant to said decree, by the sheriff of said Jackson county, on the 28th day of June, 1873, and appellant became the purchaser thereof at such sale for the sum of twenty-three thousand dollars; that said land not having been redeemed within one year from the date of such sale, the said sheriff, on the 16th of July, 1874, made appellant a deed for said land; that on the 27th and 28th days of September, 1873, the appellees, as administrators of the estate of Walker B. Rodman, deceased, wrongfully sold at public auction the growing rent corn on said land, which was on said land at the date of said sale, amounting to the sum of two thousand one hundred and seventy-four dollars and thirty-six cents, and that said sum is the reasonable rents and profits of said premises for one year from the date of said sale; that said Walker B. Rodman died in January, 1872, and said growing corn crop was not on said land at the time of his death; that the appellees wrongfully appropriated the sum realized by them from the sale of said rents and profits and, as administrators of said decedent's estate, reported said sum as assets of said estate, and that the appellees still hold said sum as such assets; and that said sum is justly due to appellant and wholly unpaid, as the reasonable rents and profits of said land for the year beginning 1873. The prayer of this amended complaint was for judgment for said sum of two thousand one hundred and seventy-four dollars and thirty-six cents, and that the same be refunded by appellees, in full, at once, and for all other proper relief.

Appellees' demurrer to this amended complaint was upon the ground that it did not state facts sufficient to

constitute a cause of action against the estate of their intestate.

It is very evident, in our opinion, that appellant's amended complaint states no cause of action against the appellees, in their fiduciary or representative character. It is true, that administrators, within sixty days after their appointment, must make out a full inventory of the personal estate of the deceased, including, among other things, " emblements and annual crops, whether severed or not from the land, raised by labor." 2 R. S. 1876, p. 505, sec. 34. But this requirement of the law refers only to crops which have been grown, or which, at the death of the decedent, were growing upon decedent's land; and crops which are not only grown, but the seed of which are planted or sown, upon the decedent's land after his death, do not ordinarily go to his administrators, and they are not chargeable therewith. In this case, the decedent died in January, 1872, and the crops referred to in appellant's complaint were the crops of 1873. The crops of the latter year were not properly any part of decedent's estate, and the appellees were not apparently chargeable, as the decedent's administrators, with those crops.

The appellant, on the 28th day of June, 1873, under a judgment against the heirs at law of appellees' intestate, became the purchaser of the lands of the decedent, described in appellant's amended complaint. Within one year from the date of said sale, the lands in question were not redeemed, by any person lawfully authorized to redeem the same, in the manner prescribed by law. After the expiration of one year from said sale, the said lands not having been previously redeemed, on the 16th of July, 1874, the appellant received a conveyance of said lands, executed by the proper officer. The lands not having been previously redeemed within one year, and the appellant having received a deed of said lands, the judgment-debtor, if there were any, would be liable to the appellant for the reasonable rents and profits of said lands for the

year succeeding the date of appellant's purchase of the lands. This liability is one created by statute. The statute provides, that "the judgment-debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits." 2 R. S. 1876, p. 220, note a., sec. 2. In this case, however, no personal judgment was rendered, and, therefore, there was no judgment-debtor.

It appears, however, from the complaint, or claim, in this case, that three months after appellant's purchase of said lands, appellees sold the growing rent corn on said lands for a large sum of money, which sum of money, it is averred, was the reasonable rents and profits of said lands for one year from and after the date of said sale to the appellant. Such growing rent corn, which was planted and growing upon said lands in the second year after the decedent's death, was not, in our opinion, a part of the decedent's personal estate. The appellees, as administrators, were not required by law to take possession of and account for such growing rent corn as a part of their decedent's estate. In doing what they did in the premises, the appellees were not acting in their fiduciary or representative character, as administrators of the decedent's estate, although they seemed to think they were. Whatever money the appellees received from the sale of such growing rent corn was received by them, not as a part of the assets of their decedent's estate, but, for the use of the persons to whom it might lawfully belong. When property or money, which does not belong to the estate of a decedent, may come into the possession of a party who happens to be the administrator of such estate, such party can not, by charging himself as such administrator with such property or money, make such property or money a part of the assets of his decedent's estate, nor can he, by so doing, render the estate of his

decedent, or himself as administrator, liable for such property or money to the lawful owner thereof.

We hold, therefore, that the appellant's complaint, or claim, in this case, does not state a cause of action against appellees, as administrators, or against the estate of their decedent.

It is urged by appellees' counsel, with much earnestness, that the record does not show that the court below had jurisdiction of the subject-matter of the action, in this; that the record does not show, affirmatively, that this claim had ever been placed upon the appearance docket, or that it had been duly transferred from that docket to the issue docket of the court below, for trial. No objection was made to the claim on this ground, in the lower court, but the objection is made for the first time, in this court; and it is manifest, we think, from what does appear in the record, that if this objection had been made in the court below, the record could have been and would have been corrected in this regard. It appears from the record, that this claim was filed in the clerk's office of the court below, on the third day of October, 1874. We take judicial notice of the fact that this filing was more than ten days before the first day of the next succeeding October term of the court below. This claim made its first appearance on the issue docket for trial, at the next January term, 1875, of the court below. Now, the record fails to show where the claim was at the October term intervening between the date of the filing of the claim and the January term, 1875; but in this case, in our opinion, we may safely presume that the clerk of the court below did his duty, the contrary not appearing; that at the time of the filing of this claim in his office, he entered the same on the appearance docket, and that there said claim safely reposed during the ensuing October term; and that said claim, not having been admitted in writing by said administrators, by the last day of said October term, was then duly transferred to

the issue docket of the court below, for trial at the ensuing January term, 1875, thereof. Upon this point, appellees' counsel have cited the case of *Stanford* v. *Stanford*, 42 Ind. 485; but an examination of that case will show that the objection had been made and urged in the court below. In the case now before us, the record discloses enough facts to enable us safely and reasonably to assume that all the necessary steps had been legally taken, in order to give the court below jurisdiction of the subject-matter of the claim, and that the record only is imperfect in not showing, affirmatively, that these necessary steps had been taken.

The judgment of the court below in this cause is affirmed, at the costs of the appellant.