McClead *v.* Davis *et al.*

No. 9708.

McCLEAD *v.* DAVIS ET AL.

DECEDENTS' ESTATES. — *Rents of Real Estate.* — *Administrator No Authority to Receive.*—Letters of administration give no authority to take the rents and profits of the decedent's real estate; and an administrator doing so is liable to the heirs for their value, even though he charge himself therewith and account therefor in his settlements as such.

From the Madison Circuit Court.

*H. D. Thompson* and *T. B. Orr*, for appellant.

*W. R. Pierse* and *C. B. Gerard*, for appellees.

BLACK, C.—The appellees sued the appellant, alleging that in each of the years from 1875 to 1879, inclusive, the appellant took and appropriated to his own use certain corn, wheat, oats and pasturage, the property of the appellees, for which he promised to pay them the reasonable value thereof; that the same were worth fifteen hundred dollars, which remained due and unpaid; and that the appellant was indebted to the appellees for the use, rents and profits of a certain number of acres of farming lands, the property of the appellees, for said

years, for which use, rents and profits he promised to pay the
appellees what the same were reasonably worth, and they were
reasonably worth fifteen hundred dollars, for which sum judg-
ment was demanded.

The appellant answered in two paragraphs, the first being
a general denial and the second alleging payment.

To the second paragraph of the answer the appellees re-
plied by general denial.

There was a trial by jury, and the verdict returned was for
the appellees, in the sum of $829.91.

A motion for a new trial made by the appellant was over-
ruled, and this ruling is assigned as error.

The only question presented to us is whether the verdict
was sustained by sufficient legal evidence.

The facts shown by the evidence, so far as they need be
stated, were as follows:

The appellees were the heirs at law of Eli Davis, who died
intestate in July, 1875, in Madison county, in this State. The
appellant was appointed, in said county, administrator of the
decedent's estate, in August, 1875. At his death, said Eli
Davis was the owner of three farms in the same neighbor-
hood in said county, one of them consisting of one hundred
and twenty acres, another of eighty acres, and the third of
two hundred acres.

In the fall of 1875, the appellant sold or rented the pas-
turage of the two farms last mentioned, to his brother Spen-
cer McClead, for sixty dollars, the pasturage being worth that
amount or more. The appellant assumed the right to do this,
as administrator.

In the same year, the heirs made for themselves a partition
of said two last mentioned farms. The administrator at that
time claimed that he would need to sell the other farm of one
hundred and twenty acres, to pay the decedent's debts; and,
therefore, this farm was not included in the partition, but was
left to be sold by the administrator. He made the sale, but
not until June, 1878. For the intervening years, 1876 and

1877, he let the farm, the first year to his said brother for $425 in cash, and the second year to other persons for grain amounting to $344.91, the amounts thus received by him as rent not being greater than the rental value of the farm in those years.

In his reports as administrator, he receipted for the sums so received by him for pasturage and for rent, and he showed in his reports the appropriation thereof to the payment of the debts of the decedent.

During all these years the heirs of the decedent were residing in the immediate neighborhood of said lands.

There was some testimony which might be regarded as tending to prove that his letting of this farm to rent, and his appropriation of the rent received by him to the payment of the debts, were agreed upon between him and some of the heirs. This testimony was contradicted by other testimony; and there was no evidence relating to the pasturage which could be said to have such a tendency.

It is certainly and wisely settled, that, under such circumstances as were here shown, an administrator, as such, has no authority to take charge of the decedent's real estate and let it and collect the rents; and that, if he do so, he will be personally answerable therefor to the heirs, who are the owners of the land.

If it be said that when he has accounted as administrator for the rents so received, and as administrator has appropriated them to the payment of the decedent's debts for which the personal assets have been found to be insufficient, it is a hardship to require him to account personally to the heirs, it must be answered that the law has clearly indicated the mode in which he may resort to the real estate for the payment of debts, and when he expects to rely for protection upon his authority as administrator alone, he must not usurp the plain rights of the heirs of his decedent. He must look for his authority as administrator to the statute under which he acts as such. *Rubottom* v. *Morrow,* 24 Ind. 202; *Rodman* v. *Rod-*

*man,* 54 Ind. 444; *Hankins* v. *Kimball,* 57 Ind. 42; *Hendrix* v. *Hendrix,* 65 Ind. 329; *Trimble* v. *Pollock,* 77 Ind. 576.

For the acts of the appellant complained of by the appellees he can derive no defence from the fact that they were done under color of his office, but must be held accountable as for acts done in his individual capacity.

The judgment should be affirmed.

PER CURIAM.——It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.