The Equitable Trust Company of Chicago, Plaintiff in Error, *vs.* L. R. Taylor, Defendant in Error.

*Opinion filed April 21, 1928.*

1. Trusts—*when a trustee is not personally liable on note.* A trustee cannot create a lien on the trust estate without express authority given by the instrument creating the trust, and in the absence of express contrary agreement he will be personally liable if he binds himself for the benefit of the trust estate although he describes himself as trustee; but where one of three trustees for the benefit of creditors signs an ordinary form of promissory note in the name of the debtor by himself as trustee, he cannot be held personally liable where the loan is made on presentation of the instrument creating the trust, which recites that the trustees are not to be obligated personally in carrying out any provision of the agreement, regardless of whether the trustee exceeded his authority.

2. Same—*an action at law will not lie against trustee in representative capacity.* An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation.

3. Principal and agent—*when neither agent nor principal is liable on contract.* Where one purports to act as agent of another in making a contract in the name of the principal an implication may arise of an assertion by the principal of the authority of the agent to execute the contract, but where the contract is made in good faith and both parties are fully cognizant of the facts concerning the agent's authority, the result is to exonerate the principal from liability if the agent had no lawful authority to make the contract, and where no deceit is practiced the agent cannot be held liable either *ex contractu* or *ex delicto.*

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

WINSTON, STRAWN & SHAW, (JOHN D. BLACK, and HAROLD A. SMITH, of counsel,) for plaintiff in error.

D. W. PARKER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Equitable Trust Company of Chicago obtained a judgment in the circuit court of Cook county in an action of assumpsit for $1160 against L. R. Taylor, who appealed to the Appellate Court, where the judgment was reversed, and by writ of *certiorari* issued upon the petition of the plaintiff the record has been brought before us for review.

The action was originally begun against J. P. O'Brien, Albert W. Swan and L. R. Taylor, trustees for William Goyette, and the declaration filed consisted of the common counts. The action was dismissed as to O'Brien and Swan and an amended declaration was filed against Taylor alone, individually, consisting of two counts, the first alleging that Taylor, O'Brien and Swan were appointed trustees for Goyette for the purpose of carrying on his business and paying his debts; that the declaration of trust gave them power to sign his name to any promissory note, draft or other paper but without power to Taylor alone to bind the trust estate by his contracts; that on June 24, 1922, Taylor alone, as trustee, executed a promissory note for $1000, payable to the Equitable Trust Company, and in so doing exceeded his authority as trustee and became personally liable on the note; and the second count being the consolidated common counts. To this declaration the defendant filed three pleas: The first, the general issue; the second, a denial of the execution of the note; and the third, that under

the terms of the trust the defendant was not to be personally bound for carrying out its provisions. An additional count was filed alleging that Taylor executed the note describing himself as William Goyette, per L. R. Taylor, trustee, to which the defendant filed the general issue, a plea denying the execution of the note, and a third plea alleging that the defendant executed the note under a provision of the declaration of trust, of which plaintiff had full notice, that defendant was not to be personally liable thereon. The cause was heard by the court. Errors were assigned in the Appellate Court on the action of the trial court in admitting evidence, in holding and refusing propositions of law, and on the sufficiency of the pleadings and evidence to support the judgment.

The facts are not in dispute. The only witnesses were Taylor, the defendant, and William A. Nichol, the cashier of the plaintiff. On May 4, 1922, William Goyette assigned all his property to J. P. O'Brien, Albert W. Swan and L. R. Taylor by an instrument which recited that Goyette owed debts to divers persons he was unable to pay, that he was desirous of providing for the payment of them by an assignment of all his property, and in consideration thereof conveyed all his property of every kind to O'Brien, Swan and Taylor, to be held in trust upon condition that Goyette was to complete all his contracts, all checks should be signed by him and countersigned by Gill L. Taylor, he was to receive a salary of $55 a week and to continue his present business, but all contracts were to be approved by the trustees; that he was personally to attend to the collection of all accounts covered by the agreement and deliver the proceeds to the trustees. The creditors were to get a dividend of ten per cent under certain specified conditions. The trustees were to keep on hand a fund to be used in emergencies and were to have charge of the pay-roll and business, but it was expressly understood and agreed that they should in no way assume or be obligated personally in carrying out any

provision of the agreement. Goyette agreed to assign all his contracts to the trustees, and the trust was to continue for a period of one year unless canceled by mutual agreement, with a provision that the agreement might be extended under certain terms and conditions. It was further provided that the trustees should take possession of the property assigned and as soon as conveniently possible dispose of it, convert it into money and make payment to creditors. The following was the fourth paragraph: "And the said party of the first part [Goyette] does hereby authorize the said parties of the second part to sign the name of the said party of the first part to any check, draft, promissory note, or other instrument in writing, which is payable to the order of the said party of the first part, or to sign the name of the party of the first part to any instrument in writing whenever it shall be necessary so to do to carry into effect the object, design and purpose of this trust." The agreement was executed by O'Brien, Swan, Taylor and Goyette. On June 24, 1922, Taylor, who was a depositor of the plaintiff in error, applied to the cashier for a loan of $1000 and presented to him a copy of the trust agreement, on the strength of which the loan was made, for which Taylor executed a promissory note for $1000, payable on demand to the Equitable Trust Company of Chicago, with interest at the rate of six per cent per annum, which he signed, "William Goyette, per L. R. Taylor, trustee." The money was credited to "William Goyette, per L. R. Taylor, trustee," and all checks on that account bore that signature. All of the money was drawn out by checks so drawn by Taylor and used by him.

The instrument which is the foundation of the plaintiff's claim is an ordinary promissory note purporting to be executed by William Goyette, per L. R. Taylor, trustee. It does not purport to make the trust estate liable to the plaintiff and the declaration does not claim any such liability exists. The note purports to be the note of Goyette, and the

alleged liability of the plaintiff on it is based on the allegation of the declaration that in executing the note alone Taylor exceeded his authority as trustee and was personally liable. The plaintiff in error does not place this liability on an implied warranty of Taylor of his authority to execute the note in the name of Goyette, but upon the ground that the trustee has the legal title and has no principal and is personally liable on his contracts when they concern the trust estate. A trustee cannot create a lien on the trust estate, even by his contract, without express authority given by the instrument creating the trust. (*Johnson* v. *Leman,* 131 Ill. 609.) An assignee for the benefit of creditors, though he continues the insolvent's business by order of the court, is personally liable on contracts made by him for the estate in the absence of express contrary agreement, and this personal liability does not depend upon whether the charge would be a proper one against the fund or estate or whether he should be allowed reimbursement for the money paid. (*Bradner Smith & Co.* v. *Williams,* 178 Ill. 420.) A trustee is personally liable for torts committed by him or by his agents or servants in the performance of his duties, but he is not liable in his representative capacity, as the law will not allow trust property to be impaired through the negligence of the trustee or permit him to create any new or additional liabilities against the trust property. The trust estate can make no contract and commit no tort, and if a trustee binds himself for the benefit of the trust estate the contract is his personal contract. Though he describes himself as trustee he is personally liable for its breach, and a personal judgment is the only judgment which can be rendered against him. An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation. (*Wahl* v. *Schmidt,* 307 Ill. 331.) If a trustee makes a contract in his own name for the benefit of the trust estate he is liable on it personally and not in his representative capac-

ity, whether he describes himself as trustee or not. In this case, however, Taylor did not purport to bind himself for the re-payment of the money, either personally or out of the trust fund. He applied for the loan and produced the instrument by which he and his two associates were made trustees. No deceit was practiced on the plaintiff in error. Nichol was as fully advised of Taylor's authority as Taylor himself and consented to make the loan. The note was executed in the name of Goyette, whether at Nichol's suggestion or not, at least with his knowledge. It did not bind Goyette, because he had not authorized it. It did not bind Taylor, because it contained no words of obligation as to him. There was no implied warranty of his authority to execute it, because the only authority upon which he purported to act was contained in the trust agreement, which was submitted to Nichol and was acted upon by him in making the loan. Whatever authority Taylor had was expressed in that agreement, and where there is an express agreement none can be implied. Where one person purports to act as the agent of another in making a contract in the name of another as his principal, an implication may arise of an assertion by the other party of the authority of the agent to execute the contract, but where the contract is made in good faith and both parties are fully cognizant of the facts as to the agent's authority the result is to exonerate the principal from liability because the agent had no lawful authority to make the contract, and the agent cannot be held liable either *ex contractu* or *ex delicto*. (*Seeberger* v. *McCormick*, 178 Ill. 404.) Whether Nichol accepted the note in the belief that it was authorized by Goyette, or in the belief that it was not so authorized and that Taylor was bound by it personally, or that the trust estate was bound, he was mistaken as to the effect of the instrument. This was a legal mistake and Taylor cannot be held liable.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*