LOCKRIDGE ET AL. *v.* CITIZENS TRUST COMPANY OF GREENCASTLE ET AL.

[No. 16,567. Filed December 4, 1941. Rehearing denied January 22, 1942.]

*Craig. & Craig*, of Brazil, *Hamilton & Hamilton*, of Greencastle, and *Evens & Baker*, of Bloomington, for appellants.

*Willis Hickam*, of Spencer, and *Lyon & Abrams*, of Greencastle, for appellees.

BEDWELL, P. J.—Simpson F. Lockridge died testate, and on March 5, 1928, the appellee, Citizens Trust Company of Greencastle, Indiana, qualified as executor of his will. During the administration upon his estate such appellee was reorganized under the name of First-Citizens Bank and Trust Company. In his will the testator named as legatees, William P. Lockridge, Elizabeth Lockridge and Andrew M. Lockridge, but Andrew M. Lockridge died prior to the institution of appellants' action and the appellants, Hartnell Lockridge and Tersa Lockridge, are his only heirs at law. The appellants herein would be the sole and only heirs at law of testator had he died intestate.

By Item One of his last will the testator provided:

"I give, devise and bequeath all of my estate and property, real, personal and mixed of whatsoever kind and character and wheresoever situate to my executor in trust, to be by my executor managed, disposed of, paid out and distributed according to the provisions and directions of this my last will; and I hereby authorize and empower my said executor to make sale of any real estate owned by me, at such time, and in such manner, and upon such terms and conditions, as my executor shall determine to be for the best interest of my estate."

By Item Two of the will the testator directed his executor to "pay out of any of the funds belonging to my estate all of my just debts and obligations"; by Item Three he gave a legacy to his nephew, William P. Lockridge, in the amount of $10,000 and directed, "that the same shall be paid to him by my executor whenever

funds shall come to the hands of my executor available for that purpose"; by Item Four he gave a legacy to his nephews Andrew M. Lockridge and William P. Lockridge, and to the survivor of them, in the amount of $10,000, and by Items Five and Six he provided as follows:

"ITEM FIVE: All the rest, residue and remainder of my estate and property of whatsoever kind or character, and wheresoever situate, I give, devise and bequeath, share and share alike, to the children of my deceased brothers, to-wit: Andrew M. Lockridge, William P. Lockridge, and Elizabeth Lockridge. And it is my will and intent that my said two nephews and my said one niece shall each have and receive one-third of the net residue and remainder of my estate, when final settlement thereof shall have been made, and my said estate and property finally distributed.

"ITEM SIX: It is my will, and intent that my said executor shall take my estate and property in trust, as by this will provided, and dispose of the same and pay the specific bequests provided for in this will, and finally distribute the same to my residuary legatees, as in this will provided, and nothing herein contained shall be deemed to be any right of any legatee under this will to interfere with the carrying out of the plan for the settlement of my estate by my executor, as in this will provided. Full power and authority is hereby given to my executor to so manage and control my estate and property as shall be for the best interest of my estate, as my said executor shall determine, notwithstanding any bequests in this will made. My executor, however, shall pay said bequests out of my estate, as in this will provided."

These are the essential provisions of the will as far as the determination of any questions here involved is concerned.

The appellants filed an action in the court below to recover damages in the amount of $27,518.60 which

they allege were caused by the act of the appellees in collecting and retaining or disposing of the rents and profits of the real estate that were devised by such will. The trial court sustained a demurrer for insufficient facts to their second and third paragraphs of amended complaint and they refused to plead further, but suffered a judgment to be rendered against them from which they appeal.

The sole error assigned is that the trial court erred in sustaining the demurrer of appellees to the second and third paragraphs of appellants' amended complaint. These paragraphs of complaint are not essentially different. One alleges that the appellees acted as executor in collecting the rents and profits, while the other alleges that they acted as trustee. They show that Lockridge left personal property in the approximate amount of $8,946.50 and an interest in partnership property of $1,097.25, and that he was indebted to the Citizens Trust Company of Greencastle, which he named as executor of his will, in the amount of $25,000, which was secured by a mortgage upon his real estate of 901.21 acres. They further allege facts to show that the executor or the trustee managed, rented and operated this real estate from March 5, 1928, the date upon which the executor qualified, until May 20, 1935, the date when the real estate was sold, and that during such time the rents and profits in the amount heretofore stated were collected. It is alleged, in substance, that upon the death of the testator the appellants became the equitable owners of his real estate and as such that they were entitled to the rents and profits thereof; that such rents and profits were not an asset of the testator's estate, but were the property of the appellants as the beneficiaries of the trust provided in the will and as the equitable owners of the real estate; and

that because of the acts of the appellees, and each of them, in collecting such rents and profits in such amount, and retaining or disposing of the same, the appellants have been damaged in the sum of $27,518.60.

It will be noted that this is not an action to enforce a claim against an estate represented by appellees. The appellants do not seek an accounting; they do not show by their pleadings whether the estate of Lockridge has been settled or what proceedings have been taken in connection with the settlement of the estate or the trust. No facts are alleged as to how the rents and profits were disposed of by the appellees. It is not shown whether the estate of Lockridge was solvent or insolvent, nor does the complaint contain any allegations concerning the payment of legacies or indebtedness. The theory of the action is that the appellees are liable because they have retained or disposed of property that was the sole property of appellants as beneficiaries of the trust established by the will, or as heirs at law of the decedent, or as equitable owners of the real estate devised by the will.

While the complaint makes the appellees parties as individuals and in their representative capacities, and while a demand for judgment is made against each of them, it is well established that the action of appellants, in the form in which it is here brought, if sustained, must be sustained as an action against the appellees as individuals and not in their representative capacities. *McClead* v. *Davis* (1882), 83 Ind. 263; *Evans* v. *Hardy, Adm'r.* (1881), 76 Ind. 527; *Hankins, Adm'r,* v. *Kimball* (1877), 57 Ind. 42; *Rodman* v. *Rodman et al., Administrators* (1876), 54 Ind. 444; *Fausler* v. *Jones* (1855), 7 Ind. 277; *Equitable Trust Co.* v. *Taylor* (1928), 330 Ill. 42, 161 N. E. 62; *Husted* v. *Thomson* (1899), 158 N. Y. 328, 53 N. E. 20.

It is a settled rule of law that the rents and profits of real estate which have accrued and become due and payable before the death of an intestate, go to the personal representative, while those that mature and fall due afterwards go to the heirs of the decedent. *Watson* v. *Penn* (1886), 108 Ind. 21, 22, 8 N. E. 636; *Dorsett* v. *Gray* (1884), 98 Ind. 273; *Evans* v. *Hardy, Adm'r* (1881), 76 Ind. 527. Also, it is well established that where real estate is devised that the rents and profits therefrom, which accrue subsequent to the death of the testator, go to the devisees who under the will are entitled to the reversion, unless some other disposition thereof is made by the provisions of the will. *Rubottom* v. *Morrow, Adm'r of Rubottom* (1865), 24 Ind. 202; *Cornet* v. *Guedelhoefer* (1941), 219 Ind. 200, 36 N. E. (2d) 933, 32 Am. Jur., Landlord and Tenant, § 448, p. 364.

Rent to accrue is an incident to, and accompanies, the reversion unless separated by an express reservation; therefore, as a general rule, upon a transfer of the reversion by the owner, his transferee is entitled to receive all rent thereafter accruing, whether payable in money or in a share of the crop. The right to the rents and profits of the real estate follows the legal title and the right to possession. 32 Am. Jur., Landlord and Tenant, § 442, p. 360; *Boteler* v. *Leber* (1933), 112 N. J. Eq. 441, 164 A. 572.

By the terms of the will of Simpson F. Lockridge, the real estate was devised to the executor in trust to be by it managed, and such executor was authorized and empowered to make sale thereof at such time, in such manner and under such conditions as it should determine to be for the best interest of the testator's estate. The mere power given to the executor to sell the real estate would not alone give

him a right to the possession thereof and to the rents and profits that accrued therefrom. But where the real estate is devised to the executor and the power to sell is coupled with a direction that it manage and control the same for the best interest of the testator's estate, and where it is given power to determine what shall be for the best interest of the testator's estate, notwithstanding any bequests made in the will, then, clearly, the executor would be entitled to the possession of the real estate and the rents and profits accruing therefrom. *Rubottom* v. *Morrow, Adm'r of Rubottom* (1865), 24 Ind. 202; *Halstead* v. *Coen* (1903), 31 Ind. App. 302, 306, 67 N. E. 957; *Upham* v. *Plankinton* (1913), 152 Wis. 275, 140 N. W. 5, 48 L. R. A. (N. S.) 1004; *Sweeney* v. *Hagerstown Trust Co.* (1924), 144 Md. 612, 125 A. 522; Bogart on Trusts, Vol. 4, § 784, p. 2281.

The appellants, because of the dual capacity of appellee, as executor and trustee established by the terms of the will, seek to make a distinction between the rights of the executor, as executor, and its rights as trustee to the possession of the real estate and to the rents and profits therefrom, but it is our interpretation of the will that it was the intent of the testator that the executor, as executor, have possession of the real estate and the rents and profits therefrom until the estate of the testator was settled, and that then the possession thereof, with the right to the rents and profits, pass to it as trustee, until the trust estate was settled.

By a provision of statute, if there is no heir or devisee of a testator or intestate present at the death of the decedent to take possession of his real estate, an executor or administrator may take possession of the same and collect the rents and profits therefrom, and apply the same to the payment

of the debts of the decedent, after the personal property has been exhausted. § 6-1151 and § 6-1152, Burns' 1933. There is no reason why a testator, by the terms and provisions of his will, could not give his executor the right to the possession and the collection of the rents and profits of his real estate. *McDowell* v. *Hendrix, Executor* (1880), 71 Ind. 286; *Duchane* v. *Goodtitle* (1821), 1 Blackf. 117; *Halstead* v. *Coen, supra; Pittsburgh, etc., Ry. Co.* v. *Swinney, Executrix* (1883), 97 Ind. 586, 592. The appellants admit that this is true, but they say that if the executor had possession of the real estate and the right to collect the rents and profits, it held possession thereof as trustee, and that it had no right to apply the rents and profits to the payment of the debts of the testator. With this contention we cannot agree.

In order to confirm the rights of heirs or of beneficiaries of a will it is essential that those obligations of the decedent or of his estate which by law are made superior claims against the assets, shall be paid or otherwise settled. *Cornet* v. *Guedelhoefer, supra.* The testator directed his executor to pay his debts whenever funds should come into its hands that were available for that purpose. He did not give to the residuary legatees, who were the beneficiaries of the trust established by him, any rights in any income collected by his executor until after final settlement of his estate, and then the residuary legatees were to each "have and receive one-third of the net residue and remainder of my estate." This indicates that it was the intention of the testator that the rents and profits derived from the real estate be applied to the payment of indebtedness of testator if necessary.

We do not see how the doctrine of equitable conversion, which is extensively discussed by both the appel-

lants and the appellees, has any application to the situation here involved. While rents and profits are incidents of the reversion and ordinarily pass therewith, there is no reason why the rents and profits of real estate cannot be devised by a testator to his executor and used by him for the payment of indebtedness without the real estate being changed into personal property.

We hold that it was the intention of the testator, as disclosed by his will, to give to his executor, first as executor and then as trustee, the possession, control and management of all his property, real, personal, and mixed, and the right to the rents and profits of the real estate that accrued prior to the sale thereof, or in the event the real estate was not sold, prior to the distribution to the beneficiaries under the will. That it was further the testator's intention that his executor use such rents and profits the same as personal property was usable for the payment of the indebtedness of the testator or the liabilities of his estate.

An executor is often called a trustee; and in the broad sense of the term he is. However, an executor is not a trustee in the strict sense of the term. Many of the rules of law that are applicable to trustees are not applicable to executors. Their powers may differ, and their duties, and the procedure employed in enforcing their duties. Where the same person is named executor and trustee it is not always easy to determine the exact point at which he ceases to act as executor and enters upon the performance of his duties as trustee. When a testator devises real estate to his executor in trust and gives to him the control and management thereof, with the express or implied right to collect the rents· and profits, his intention as disclosed by the terms of the will determines whether

the executor holds the same as executor or as trustee, or as both executor and trustee.

The complaint of appellants did not allege sufficient facts to show a cause of action against appellees, either personally or in their representative capacity. No unlawful disposition of rents and profits was alleged. The trial court did not err in sustaining the demurrer thereto.

The judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 728.