**BILL BECOM SERVICE T.V., INC., Appellant (Defendant Below),**

v.

**Robert D. JONES, Appellee (Plaintiff Below).**

No. 73A04–8607–CV–00193.

Court of Appeals of Indiana, Fourth District.

Feb. 23, 1987.

M. Michael Stephenson, McNeely, Sanders & Stephenson, Shelbyville, for appellant.

Robert D. Jones, Morristown, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Bill Becom Service T.V., Inc. (Becom/tenant) appeals an adverse judgment favoring Plaintiff-Appellee Robert Jones (Jones/land sale contract vendor), in an action for the collection of rent due following the abandonment of the premises by and bankruptcy of Loren Winger (Winger/land sale contract vendee and landlord).[1]

We affirm.

ISSUES

■ Becom raises six issues for our review. Issues one and two are waived because Becom has failed to support them with either cogent or applicable authority.[2] Issues five and six are waived because Becom did not present these issues to the trial court in its motion to correct errors.[3] Restated, the issues preserved for our review are:

1. whether the trial court's judgment was contrary to law because Jones was not a proper party to bring an action for the collection of rent due; and

2. whether the monetary award was supported by sufficient evidence.

FACTS

On September 1, 1980, Becom entered into a written lease agreement with Jones for a portion of a building known as 39 Public Square in Shelbyville. The lease agreement was to run through August 31, 1982. In November, 1981, Jones sold the building on land sale contract to Winger. Upon this sale, Becom was told by Jones to make normal rental payments to Winger or his representative agents. Apart from this change in equitable ownership, all other terms of the original lease agreement remained in effect.

In December 1982, Winger defaulted on the contract and subsequently filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. Throughout this period, Becom continued to occupy the premises. After Winger filed his petition for bankruptcy, Jones discovered Winger's managing agent was not forwarding payments to the bankruptcy trustee. Jones and Becom thereafter reached an agreement to place the rent money into an escrow account at the Shelby National Bank during the pendency of the bankruptcy court proceedings.

---

1. Winger is not a party to this cause of action.

2. In issues one and two, Becom cites two cases pertaining to the division of legal and equitable interest which arise when parties enter into a land sale contract. *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, *cert. denied* 94 S.Ct. 1421, 415 U.S. 921, 39 L.Ed.2d 476; *Indiana Natural Gas and Oil Co. v. Hinton* (1902), 159 Ind. 398, 64 N.E. 224. The division of interest expressed in these cases is not the issue which Becom attempts to assert on appeal. The thrust of Becom's argument is Jones is not entitled to rent due on the property because there is no evidence Jones has filed a foreclosure action against Winger. Becom cites no authority to support his contention a foreclosure action is a condition precedent to the reversion of an equitable interest in property back to the holder of an accompanying legal interest following the abandonment of the property by the equitable interest holder. Accordingly, these issues, consolidated as one in Becom's argument, are waived. *See, Sutton v.*

*State* (1986), Ind.App., 495 N.E.2d 253, 260; Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

3. In issues five and six, Becom claims the trial court erred by failing to acknowledge a rule of bankruptcy law pertaining to the automatic stay provisions of 11 U.S.C. § 362. Becom claims there was no evidence presented at trial that Jones had the automatic stay lifted following the bankruptcy court's order for the trustee to abandon the property. Thus, he opines, the property remains under the jurisdiction of the bankruptcy court. We find this argument no where in Becom's motion to correct errors. The only argument raised in Becom's motion to correct errors pertains to the abandonment provisions of 11 U.S.C. § 554, which we address in preserved issue number one. Accordingly, issues five and six, consolidated as one in Becom's argument, are waived. *See, Greenbrier Hills, Inc. v. Boes* (1985), Ind.App., 473 N.E.2d 1040, 1042; Ind. Rules of Procedure, Trial Rule 59(D).

On June 19, 1984, the bankruptcy court judge entered an order pursuant to 11 U.S.C. § 554 for the trustee to abandon the property. Jones thereafter contacted Becom to inform the company he was filing a cause of action to collect rent due on the property. Both parties filed motions for summary judgment. These motions were denied. Jones thereafter moved for reconsideration of his summary judgment motion. At this time, he submitted an affidavit from Winger. In the affidavit, Winger disclaimed all interest, right or title in the property or the rents accruing from the property after December 15, 1982, the day he filed for bankruptcy. The court took this motion and affidavit under advisement, thereafter permitting Becom to submit evidence contrary to the affidavit.

At trial, Jones testified as to his computation of rent due, and Becom submitted evidence regarding money it had expended for maintenance and upkeep of the property. The trial court's judgment reads

### JUDGMENT

Come now the parties in person and by counsel and this matter is submitted to the Court for trial, finding and judgment. The Court, having heard evidence and having taken this matter under advisement, now finds that the law and facts are with the plaintiff; that he should recover on his complaint from defendant the sum of Nine Thousand Five Hundred and Twenty Dollars ($9520.00).

IT IS THEREFORE ORDERED that Plaintiff have judgment against defendant in the sum of Nine Thousand Five Hundred and Twenty Dollars ($9520.00) with legal interest hereafter until paid.

(R. 130).

Becom now appeals.

### DISCUSSION AND DECISION

#### I. *Standard of Review*

Becom claims the trial court's judgment is contrary to law. Becom further contends the monetary judgment for past rent due is not supported by sufficient evidence. In *Indiana-Kentucky Electric Co. v. Green* (1985), Ind.App., 476 N.E.2d 141, Judge Robertson discussed the applicable standard of review when a judgment is attacked as being contrary to law and not supported by sufficient evidence, stating:

When a judgment is attacked as being contrary to law, this court neither considers the credibility of the witnesses nor weighs the evidence, instead, we look solely to the evidence most favorable to the judgment, together with all reasonable inferences therefrom, and it is only when this evidence is without conflict and leads to but one conclusion and the trial court reaches a contrary conclusion, will we reverse a decision for being contrary to law. *Litzelswope v. Mitchell,* (1983) Ind.App., 451 N.E.2d 366. In reviewing for sufficiency of the evidence, we will not weigh the evidence or resolve questions of credibility, however, we will look to the evidence which supports the verdict. *Lloyds of London v. Lock,* (1983) Ind.App., 454 N.E.2d 81. In cases tried to the court, the findings and judgment of the trial court will not be set aside unless they are clearly erroneous, *i.e.,* where there are *no* facts or inferences to be drawn therefrom which support the findings. (Our emphasis). *Kimbrell v. City of Lafayette,* (1983) Ind.App., 454 N.E.2d 73.

476 N.E.2d at 143.

#### II. *Was Jones a proper party to the cause of action?*

Becom first contends the trial court's judgment is contrary to law because the court awarded a judgment in favor of a claimant who had no interest in the property. Becom contends the trial court's judgment will permit both Jones and Winger to recover past rents, when it is only liable for payment of rent to Winger.

While we agree there was a time when Becom was solely liable to Winger for rental payments, we disagree such a conclusion is applicable given the factual sequence in the case at bar.

In Indiana, under a typical land sale contract, the vendor retains legal title

until the total contract price is paid by the vendee. Payments are generally made in periodic installments. Legal title does not vest in the vendee until the contract terms are satisfied, but equitable title vests in the vendee at the time the contract is consummated. When the parties enter into the contract, all incidents of ownership accrue to the vendee. *Matter of Jones,* 768 F.2d 923, 928 (7th Cir.1985); *see Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, 646, *cert. denied,* 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974). One of the incidents of ownership which accrued to Winger was the collection of rent due on the leased property. *See Lockeridge v. Citizens Trust Co. of Greencastle* (1941), 110 Ind.App. 253, 37 N.E.2d 728, 731. If this were the end of our inquiry, Becom would be correct in it's assertion it is solely liable to Winger for rent due on the property. Such is not the case.

On December 15, 1981, Winger filed a petition for bankruptcy in the Federal Bankruptcy Court for the Northern District of Indiana. On June 14, 1984, the bankruptcy court judge ordered the trustee to abandon the property pursuant to 11 U.S.C. § 554, which states:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(c) Unless the court orders otherwise, any property that is scheduled under section 521(1) of this title and that is not administered before a case is closed under section 350 of this title is deemed abandoned.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

■ Accordingly, whatever title or inchoate interest which may have passed to the trustee was extinguished by relation as of the filing of the petition when the trustee informed the court the property was a burdensome asset and was directed by the court to abandon and disclaim it. *See, Brown v. O'Keefe* (1937) 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827. Restated, once the bankruptcy court ordered the trustee to abandon the property, title to the abandoned assets thereupon revested in the bankrupt. *Schmidt v. Esquire, Inc.* 210 F.2d 908, 913 (7th Cir.1954), *cert. denied* 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646.

Although the equitable interest in the property reverted back to Winger following the abandonment order from the bankruptcy court, Winger disclaimed any interest he had in the property in an affidavit submitted to the court by Jones in a motion to reconsider his prior summary judgment motion. In the affidavit, Winger stated in pertinent part:

Loren E. Winger, being first duly sworn, deposes and says that:

.    .    .    .    .

3. The affiant has not claimed and does not now claim any interest, right or title in or to the said real property or the rents accruing from and after December 15, 1982, the date of the filing in bankruptcy.

4. This affidavit is given at the request of Robert Dwain Jones and for the purpose of clarifying that the affiant has no interest in rents the subject of an action in Shelby Circuit Court by Robert Dwain Jones against Bill Becom Service T.V. Inc. of the premises commonly known as 39 Public Square, Shelbyville, Indiana. The affiant, Loren Edwin Winger, disclaims any and all interest in the subject matter of the litigation as such interest might affect his status as a permissible or a necessary part to the action.

(R. 126).

Becom argues this affidavit has no relevance to this appeal because it was never introduced into evidence at trial. While the

record reflects Jones did not move to introduce the document into evidence, the record also reveals all parties and the court acknowledged the document constituted evidence in the case.

In *State v. Cleland* (1985), Ind., 477 N.E.2d 537, our Supreme Court, speaking through Justice Prentice, stated:

It would be patently unfair to a petitioner to reverse on this ground when the parties clearly agree that the documents constituted evidence, there was no objection by the state, the court as much as invited the parties to proceed without formally introducing the documents, and the petitions are part of the record before us.

477 N.E.2d at 583. Accord, *Haskett v. Haskett* (1975), 164 Ind.App. 105, 327 N.E.2d 612, 617, *trans. denied.*

Accordingly, at the time of trial, there was evidence before the court which indicated Winger had abandoned his equitable interest in the property. In *Jakober v. E.M. Loew's Capitol Theatre, Inc.* (1970), 107 R.I. 104, 265 A.2d 429, the Supreme Court of Rhode Island addressed the question of abandonment of a land sale contract by the vendee, stating:

The vendee in an executory contract for the sale of land becomes the equitable owner of the same, the vendor holding legal title merely as security for the purchase price. However, when the vendee abandons the sales contract, his equitable title is terminated without the necessity of any further transfer. Generally speaking, abandonment is the voluntary relinquishment of a known right. Whether the vendee's equitable title has been extinguished by abandonment depends upon the concurrence of two factors—an intent to abandon together with some act or failure to act which warrants the conclusion that the vendee

no longer claims or retains any interest in the subject matter. Once the intention to abandon is united with conduct demonstrative of a relinquishment of rights in the contract, the abandonment is complete. (Citations omitted).

265 A.2d at 433; *accord, Hull v. Clemens* (1954), 200 Or. 533, 267 P.2d 225, 232 (it is well established that an unperfected equitable title may be lost by abandonment); *McLendon v. Safe Realty Corp.* (1980), Ind.App., 401 N.E.2d 80, 83 (for there to be an abandonment of a conditional land sale contract one must actually and intentionally relinquish possession of the land and act in a manner which is unequivocally inconsistent with the existence of a contract); *Hull, supra,* (the moment intention to abandon unites with acts of relinquishment, the abandonment is complete); *see, Hoeppner v. Slagle* (1967), 141 Ind.App. 622, 231 N.E.2d 51, 53; 1 C.J.S. Abandonment § 4.

We find, as a matter of law, the statements made by Winger in his affidavit, subject to the penalties of perjury, constituted abandonment of his equitable interest in the property. This abandonment constitutes a voluntary forfeiture under the contract. Jones, as legal title owner, could properly bring a cause of action for the collection of rent due on the premises.[4] Through abandonment, Winger revoked all rights and interest previously held on the property. Thus, Becom's claim regarding the potential for double recovery, by Jones and Winger, for rent due, is of no moment. Jones is the only party possessing the right to recover rents. This right arose at the moment Winger abandoned his equitable interest. Therefore, the trial court's judgment is not contrary to law.

### III. *Monetary Award/Damages*

Becom contends the damages awarded by the trial court were excessive

---

4. We note Jones would not have to bring a foreclosure action against Winger in order to enforce his security interest. In *Morris v. Weigle* (1978), 270 Ind. 121, 383 N.E.2d 341, our Supreme Court, noting its prior holding in *Skendzel v. Marshall, supra,* stated: "[T]herefore, so long as the vendee *has not abandoned*

the property and the security of the vendor has not been jeopardized, foreclosure is the equitable remedy." 383 N.E.2d at 344. (Emphasis supplied). Here, to the contrary, the property has been abandoned and the vendor's security interest has been jeopardized.

and not supported by sufficient evidence. We are bound by a strict standard of review on questions of inadequate or excessive damages. We may not reverse a damage award if it is within the scope of the evidence before the trial court. We neither reweigh the evidence nor judge the credibility of witnesses. *Greater Clark County School Corp. v. Myers* (1986), Ind.App., 493 N.E.2d 1267, 1271, *trans. denied; see Nahmias Realty Inc. v. Cohen* (1985), Ind.App., 484 N.E.2d 617, 619–620, and cases cited therein. A judgment is not excessive unless the amount is so large it cannot be explained upon any reasonable hypothesis other than prejudice, passion, partiality, corruption, or some other improper element. *Greater Clark County School Corp., supra.* The award of the court will be upheld if it is within the scope of the evidence presented. *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, 344. No degree of mathematical certainty is required in awarding damages so long as the amount awarded is supported by probative evidence, but it may not be based upon mere conjecture, speculation, or guesswork. *Whiteco Properties, Inc. v. Thielbar* (1984), Ind.App., 467 N.E.2d 433, 438.

The terms of the original lease entered into between Jones and Becom, and subsequently assigned from Jones to Winger, indicates the rent due on the property between September 1, 1981 through August 31, 1982 was $700 per month. The testimony at trial also revealed Becom was a holdover tenant until May, 1984. In total, Jones sued for 17 months of back rent due for a total of $11,900, plus interest and attorney fees. Testimony at trial also indicated Becom expended approximately $4,000 for maintenance and repair of the property. Finding no dispute rent was actually due on the property, and further finding the monetary award for past rents due within the scope of the evidence presented at trial, we fail to find the award excessive.

Accordingly, we find no error. Judgment affirmed.

MILLER, J., concurs.

STATON, J., concurs in result.